## KELLER *v.* HYDE.

UNDER the Act of 1850, concerning the office of County Treasurer, and that of 1857, concerning county warrants, a County Treasurer is not required to pay all warrants which the County Auditor may draw upon him, but only such as are founded on an order made by the Board of Supervisors for payment of a demand legally chargeable against the county and allowed by the Board.

Keller *v.* Hyde.

Where a writ of mandamus is asked against a County Treasurer, to compel him to pay a warrant drawn upon him by the Auditor, the Treasurer may show in defense that the warrant is founded upon a demand not legally chargeable against the County, and upon such showing the writ will be refused.

A demand for printing the delinquent tax list, under a contract made with the Board of Supervisors, is not a demand legally chargeable against the County, by reason of a want of authority in the Board to make the contract.

APPEAL from the Tenth Judicial District.

Application for mandamus to compel the County Treasurer of Yuba county to pay certain warrants drawn upon him by the County Auditor.

The facts are stated in the opinion. See also *Randall* v. *Yuba County*, (14 Cal. 219) in which one employed by the Tax Collector recovered against the county for printing the same tax list referred to in the opinion in this case. The writ was refused by the District Court, and the petitioner appeals.

*Mitchell & Sweezy*, for Appellant, cited *El Dorado County* v. *Elstner* (18 Cal. 14).

*C. E. DeLong*, for Respondent, cited *McDougall* v. *Bell*, 4 Cal. 177; *Draper* v. *Noteware*, 7 Id. 276; *People* v. *Supervisors of El Dorado County*, 11 Id. 170, and *Pulaski Company* v. *Lincoln*, 6 Eng. 320.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

By section six of the Act concerning the Office of County Treasurer, it is made the duty of the County Treasurer to receive all monies due and accruing to the county, and to pay and disburse the same on the warrant of the County Auditor, founded on the orders made by the Court of Sessions. By the Act of 1857 the County Auditor is authorized to draw warrants for all claims and demands legally chargeable against the county, which are allowed by the Board of Supervisors. The effect of these provisions is to make it the duty of the County Treasurer to apply the money of the county in payment of demands legally chargeable against the county. It is not " a duty resulting from his office " to pay any warrant that the County Auditor may draw upon him. It must be

a warrant founded on an order made by the Board of Supervisors, and the warrant can only be drawn by the Auditor for a demand legally chargeable against the county, and which has also been allowed by the Board of Supervisors. If the demand for which the warrant is drawn was not legally chargeable against the county, the Treasurer may show this fact in answer to a demand for a mandate to compel him to pay it. The party asking the mandate must be entitled to the money as against the county, of which the Treasurer is only the disbursing agent, or the mandate will be refused. (*The People* v. *Lawrence*, 6 Hill, 244.)

The defendant's answer shows that the warrants in question were drawn on a demand for printing the delinquent tax list, under a contract made by the Board of Supervisors. But in the case of *Randall* v. *Yuba County*, (14 Cal. 219) it was decided that the authority to contract for this printing was vested in the Tax Collector, as agent, for, this purpose, of the county, and not in the Board of Supervisors. The demand for which these warrants were drawn was, therefore, one which was not contracted by any agent authorized to make it on behalf of the county, and hence was a demand which the Board of Supervisors had no authority to allow. In allowing it the Board of Supervisors acted upon a matter not within their jurisdiction, and their action had no effect to create any liability against the county. This is a different question from that which arose in the case of *El Dorado County* v. *Elstner*, (18 Cal. 144) where the allowance by the Board of Supervisors was held to be conclusive, because the demand was one which it was within their jurisdiction to act upon. Judgment affirmed.