Gilmore, J.,
Were the jurors legally entitled to receive, as compensation, the full amount certified to be due to-them, respectively, by the clerk ? ■
In order to determine this question, we must look to the law regulating the fees of jurors, etc. (73 Ohio Laws, 134), which, among other things, provides, “that each petit juror shall be allowed the sum of two dollars for each and every day he may serve,” etc.
By what rule is the clerk to determine what constitutes days of service, within the meaning of the sentence quoted?
It is certain that no inflexible rule can be prescribed, the enforcement of which would not, in some instances, do injustice to jurors; and this should be avoided if possible in all cases. On the other hand, injustice should not be done to the public, by allowing jurors compensation for every day from, and including, the day they first appeared in court, until they were finally discharged at the close of the term, in many instances embracing several weeks, without reference to whether they were required by the court to be in attendance or not, and when, in fact, they may have been discharged and at home for a number of consec *140 'utive days at a time, attending to their private affairs, and. not incurring expenses usually incident to their attendance at the county seat.
No rule should be adopted, therefore, which will operate to the prejudice of jurors on the one hand, or of the public on the other; and we think that the following general rule will constitute such a guide, that injustice, in either respect, will rarely be done by following it, viz: Jurors should he allowed compensation for every day spent in going to and returning from court, and for every day they are in attendance at the county seat as jurors, whether they are impaneled or not; fractions of a day to be counted as an entire day in estimating compensation.
It follows that where, as in this case, jurors are discharged from attendance by order of the court for several consecutive days at a time, during the term, the clerk is not authorized to cei’tify that the jurors are entitled to compensation for the days they were so discharged, and not required to be in attendance.
In the second place, we will examine into the effect of the clerk’s certificate, upon the rights of the relators, and the duty of the auditor, when the certificate was presented to him. On the part of the relators, it is contended that this certificate vests in them an unqualified right to the amount certified in their favor respectively, and that it is, therefore, conclusive upon the auditor.
On this point, the statute above cited is as follows: “And the compensation of each juror shall be certified by the clerk of the court, and the compensation so certified shall be paid by the county treasurer on the order of the county auditor,” etc. Under this clause of the law, the clerk is authorized to certify the compensation of each juror, and nothing more. But, as shown by the facts set out in the statement of the ease, and as above found, he, without authority, included in his certificate compensation to each juror for seven days, at two dollars a day, in excess of the •days each juror had served during the term.
In order to determine whether such false certificate was *141 -conclusive upon the auditor, reference must be had to section 12 of the act prescribing the duties of county auditors (67 Ohio L. 105), which provides as follows: “ The county auditor shall issue orders on the county treasury for all moneys payable out of said treasury (except moneys due the state, which shall be paid out upon the order of the ' auditor of state), whenever the proper order or voucher is presented therefor, and shall keep a register of all such orders,, showing the number, date of issue, the amount drawn for, in whose favor, and on what fund; but he shall not issue an order for the payment of any claim against the county unless the same be allowed by the county commissioners,, except in eases where the amount due is fixed by law, or is allowed by some other officer or tribunal authorized by law to allow the same.”
This was not a claim against the county that was to be- • allowed by the county commissioners, or any other officer or tribunal authorized by law to allow the same; and hence the qualified allowance of the claim by the judge holding the court, added nothing to the validity of the certificate, for the allowance was unauthorized.
It was a case, therefore, in which the per diem of the jurors was fixed by law, and before certifying the compensation the clerk was bound to ascertain correctly the number of days éach juror had served during the term. "When this was done it was the duty of the clerk to certify accordingly.
If the clerk, in performing this duty, acted under an erroneous view of the law, or under a mistake of fact, or purposely misstated the facts, and certified a greater number of days than they had served, or a greater amount of compensation than was due to the jurors respectively, it is clear that as to the excess in either respect, the act of the clerk was unauthorized and illegal, and such excess did not constitute a valid claim in favor of the jurors against the county, and hence ought not to have been paid. When the certificate was presented to the auditor, it seems that he must have-had knowledge of its falsity in respect to the number of days each juror had served, and refused to issue orders on. *142 the county treasury for the excess, but did issue orders to each juror for the .amount that was legally due, which orders were accepted and receipted for by them respectively under protest. We all think that the auditor acted in the line of his duty in doing what he did in this case. And inasmuch as the relators have no title to the excess, we think the clerk’s certificate is not of such a conclusive •character as to estop the defendent from showing the facts in relation, to the nature of the claims of the relators in answer to their demand for a mandamus to compel him to issue orders on the treasury for such excess. Keller v. Hyde, 20 Cal. 593; High’s Ex. Rem. § 360; People v. Lawrence, 6 Hill, 244.

Peremptory writ refused.