## KING v. MAHASKA COUNTY.

75  329
118  253

1. **Counties:** CONTRACT FOR COURTHOUSE: IN EXCESS OF AMOUNT VOTED: ULTRA VIRES. The people of the defendant county voted seventy-five thousand dollars to build a courthouse. The plaintiff contracted to build the house for that amount according to certain plans and specifications. The contract provided for possible changes in the plans and specifications, the differences of cost on account of which were to be added or deducted, as the case might be. Changes were made which greatly increased the cost of the work, and the additional amounts which plaintiff was to have for such changes were agreed upon, but no corresponding changes were made to diminish the cost of the work. *Held* that all agreements whereby the total cost of the work was to exceed the sum of seventy-five thousand dollars were in excess of the authority of the supervisors, and therefore void, and that plaintiff could recover nothing on account thereof ; and that the case was not altered by the fact that the people afterwards voted an additional sum to complete the building which plaintiff failed to finish under his contract. (See opinion for cases cited).

2. **Instruction:** ERROR WITHOUT PREJUDICE. An instruction which erroneously excludes a claim on a contract is without prejudice where it appears that the contract was void.

3. **Counties:** ULTRA VIRES CONTRACT: PAYMENT: CONCLUSIVENESS. Where changes subsequently made in a contract for the erection of a courthouse contemplated and involved an expenditure of money in excess of the amount voted therefor, but the work done under these additional and void contracts was paid for in the periodical estimates made by the architect, and afterwards the contractor brought an action against the county for a large sum of money, involving all the transactions between the parties, based on the several contracts, *held* that by the payment of the architect's estimates the county was not concluded from insisting that the additional contracts were illegal, and that all the money paid should be regarded as paid on the amount named in the original contract. (*Long v. Boone County*, 36 Iowa, 60, *distinguished*).

4. ———: CONTRACT FOR COURTHOUSE: VOID CHANGES: FAILURE TO COMPLETE: RECOVERY. Plaintiff agreed to complete a courthouse for defendant for a certain sum. Subsequent changes were made in the contract, providing for the payment of a larger sum, but they were void. Upon a failure to complete the house, the county, under the provisions of the contract, took possession of and completed it. In an action against the county for an alleged balance due the plaintiff, it appeared that more than the original contract price had already been expended, and that the building was not then completed. *Held* that plaintiff's obligation was to complete the house for the original contract price, and that he was not entitled to recover the ten per cent. which had been retained out of each month's installment to secure the completion of the work.

5. **Appeal:** PRACTICE: COST OF ADDITIONAL ABSTRACT. Appellee filed an additional abstract in this case setting out all of the evidence, which appellant complains of as being unnecessary, and asks that the costs thereof be taxed to appellee. But the claim of appellee, that its purpose was to show that the evidence sustained the judgment appealed from, appearing to be made in good faith, the costs of the abstract are taxed to the appellant, upon the affirmance of the judgment.

*Appeal from Keokuk Circuit Court.*—HON. W. R. LEWIS, Judge.

.FILED, OCTOBER 3, 1888.

ON the twenty-first day of July, 1881, the plaintiff and the defendant entered into a written contract for the building of a courthouse. By the terms of the contract the building was to be completed by the first day of May, 1883. The house was not completed by that time, and the plaintiff continued work on the building until November 1, 1883, and, it being still uncompleted, the defendant took possession thereof, and prosecuted the work on its own account, under the claim that the plaintiff had forfeited his contract. This action was brought by the plaintiff to recover damages in the sum of fifty thousand dollars for the failure of the county to comply with its part of the agreement, whereby the plaintiff was prevented from completing the building. The defendant answered, and also set up a counterclaim, in which a large amount of money was claimed of the plaintiff as damages for his failure to perform his contract. There was a trial by jury, and a verdict and

judgment for the plaintiff for one dollar, and he appeals.

*John F. Lacey* and *Geo. D. Woodin*, for appellant.

*L. C. Blanchard* and *Sampson & Brown*, for appellee.

ROTHROCK, J.—I. Provision had been made for the erection of the courthouse by a vote of the people
1. COUNTIES : of the county, authorizing the expenditure
contract for of seventy-five thousand dollars for that
courthouse :
in excess of purpose, and, by the written contract
amount voted :
ultra vires. between the parties, the plaintiff undertook
to furnish all the materials and erect the building for that sum. As has been said, the house was to be completed by May 1, 1883, and the contract contained the further provision that if it should not be completed by the first day of November, 1883, then the second party ( the county ) might employ the necessary workmen, purchase material and complete the work, and deduct the reasonable cost thereof from the amount which would otherwise be due the plaintiff. The plaintiff was to do the work according to certain plans and specifications, and under the direction of a superintendent of construction, whose determination as to quality of material and manner of workmanship should be final and conclusive between the parties. Payments were to be made upon monthly estimates made by the superintendent or architect, less ten per cent. to be retained until the completion of said building by the party of the first part in accordance with the terms of the contract. The plaintiff claims that he was without fault in failing to complete the building by the time stipulated in the contract, and that such failure occurred solely by reason of the wrongful and corrupt acts of the architect in making insufficient monthly estimates, in rejecting suitable material, and in fraudulently making second estimates, reducing and cutting down estimates that had been already allowed and paid ; and that the failure to promptly pay the estimates actually made, and the

various wrongful, fraudulent and corrupt acts of the architect, delayed the work and the completion of the building. As we have stated, the contract price for the erection of the building was seventy-five thousand dollars,—the full amount of money authorized by the vote of the people. The contract contained the following provision: "If any alteration should hereafter be made by order of the said party of the second part, varying from the said plans and specifications, either by adding thereto or diminishing therefrom, or otherwise, such alterations shall not vacate this contract; but the value thereof shall be estimated by said superintendent, and added to or deducted from the sum herein agreed to be paid for said building, as the case may be. Nor shall such alterations supersede the conditions for the completion of the whole or several parts of said building by the times hereinbefore provided." The first work done was the excavation for the foundation. The architect directed the deepening of the trenches beyond the plans adopted, for which he allowed the plaintiff over four hundred dollars. The deepening of the excavation made a corresponding increase in the height of the foundation wall necessary. The architect ordered the wall to be raised, for which he allowed seven hundred and seventy-seven dollars. After the foundation wall was put in according to the plans, the architect ordered it to be taken out, because it was thought to be not thick and solid enough to support the superstructure. A new and heavier wall, of different stone, was substituted, under an agreement that plaintiff should receive forty-six hundred and twenty dollars therefor. These additional expenditures were allowed and paid for, less the ten per cent, retained under the provisions of the contract. These items of extras would have increased the contract price for the building several thousand dollars above the seventy-five thousand authorized by the vote of the people. The defendant, by an amendment to its answer, set out the above sums as having been paid by the county for extra work, and made the following averments in relation thereto:

" Said sums were all illegally paid, and paid, in violation of law, on contracts made in excess of said seventy-five thousand dollars, and made after said original seventy-five thousand dollar contract had been made. Defendant asks that said sums be applied in payment of the amounts due on the original contract, and ask judgment for any balance that may be left, after so applying the said sums, as an offset."

It will thus be seen that one of the issues presented was whether these extras, and the subsequent contracts in relation thereto, were void as being in excess of the seventy-five thousand dollars authorized to be expended. The court instructed the jury in relation thereto as follows : " Under the law and the record of the vote of the electors of Mahaska county, its board of supervisors. had power to erect a courthouse in the city of Oskaloosa, . Iowa, and to make orders or contracts therefor, or in relation thereto, to the extent of an aggregate cost of seventy-five thousand dollars ; but such board had no power to make orders and contracts for a courthouse the probable cost of which exceeded this sum. And if you find that the board, after making the written contract of date July 21, 1881, made supplemental or additional contracts or orders for changes, increasing the cost beyond seventy-five thousand dollars, the board exceeded its power, and such supplemental or additional contracts and orders are absolutely void, and do not bind the defendant ; but in as far as you find any alleged subsequent contract for changes in said building, extension of time for its erection, or other purposes, in relation thereto, proven, whether the same was in writing or not in writing, if it had not the effect to increase the cost of the building above seventy-five thousand dollars, it was authorized, and binds defendant. Should you find that the plaintiff, under the supplemental contract of May 3, 1882, removed a part of the foundation, which he had constructed under the first contract of date July 21, 1881, and substituted a more expensive foundation, you should allow what is not shown to be paid for the first contract price of the foundation, or such part as the

plaintiff constructed thereof prior to his being put off of the building, but no more, for the first construction, its removal and the second construction." It will be observed from the extract from the contract above set out that the alterations contemplated not only adding to the price, but diminishing therefrom, and that such alterations should not vacate the contract. But the evidence does not show that any changes were at any time contemplated by the parties which would have the effect to diminish the cost from the plans adopted. The plaintiff claims that additional contracts or orders for changes were made, which increased the cost of the building more than ten thousand dollars in addition to the contract price of seventy-five thousand dollars. These additional contracts were clearly illegal and void. The law provides that a board of supervisors have no power to order the erection of a courthouse, where the probable cost will exceed five thousand dollars, without a vote of the people. In this case, the authority given by the vote authorized an expenditure of seventy-five thousand dollars. The plaintiff contracted to erect the building for that sum. He appears to have been an experienced contractor and builder. According to his own claim, some ten thousand dollars was added to the cost of the building, and contracts were made therefor before he completed the basement. This addition to the cost is founded upon illegal and void contracts, which he and the members of the board knew to be void, not as being charged with a knowledge of the law, but they knew as a fact that these contracts were illegal. The board adopted plans for building which, when completed, cost the county largely in excess of one hundred and fifteen thousand dollars. The county was compelled to vote an additional fifty thousand dollars for its completion. It is contended that this act of the people was a ratification of the illegal acts of the parties in making the contracts, by which the amount first authorized was exhausted. No such construction can be put upon the second vote of the people. It was a question with them whether they should lose the seventy-five thousand

dollars already expended, or complete and occupy the building. If we were to construe the law as we are asked to in this case, it would invite public officers and contractors to evade the positive requirements of the statutes by making contracts involving unlawful expenditures, and thus compel the people to increase appropriations made for such purposes. The thought that these additional contracts were not void, because the original contract contemplated changes by which the cost of the building would be decreased, cannot be material in this case. If such a thing as changes lessening the cost of a building was ever heard of before, it has no application here. The acts of the parties show that no such thing was intended. In our opinion, the court did not err in directing the jury that the additional contracts were void. *Reichard v. Warren County*, 31 Iowa, 381; *McPherson v. Foster*, 43 Iowa, 48; *Clark v. City of Des Moines*, 19 Iowa, 199.

II. A stipulation was made, after the action was commenced, by which the failure of the plaintiff to present his claim to the board of supervisors before the suit was commenced was waived. The plaintiff afterwards amended his petition, in which he set up an oral contract, alleged to have been made with the board of supervisors, in reference to the extra or void contracts. The court directed the jury that the claim based on this oral contract was not embraced in the stipulation. This ruling of the court is claimed to be erroneous. If the oral contract had been valid, the position of counsel would probably be correct. But the amendment claimed relief upon a contract which was illegal and void, and the instruction complained of was not prejudicial to any legal right of the plaintiff.

*2. Instruction: error without prejudice.*

III. We come now to what we regard as the material question in the case. It appears from the evidence that the work done under these additional and void contracts was paid for in the estimates made by the architect. It is claimed that the sums so paid cannot be recovered

*3. Counties: ultra vires contract: payment: conclusiveness.*

back. We are cited to the case of *Long v. Boone County*, 36 Iowa, 60, as sustaining the claim made by counsel. It was held in that case that "when the legally constituted agent of the county contracts for work in respect to which he has no power unless authorized by a special vote of the people, and executes a warrant for the amount thereof on the treasurer of the county, which is voluntarily paid by the latter officer, the county cannot recover back the amount so voluntarily paid." Conceding all that is involved in that case, yet we think there was no such payment in the case at bar as to bring it within the rule contended for. If so, the law limiting expenditures by boards of supervisors might constantly be evaded. All that would be required would be the making of a contract authorized by law, and then make additional illegal contracts, pay off the work done under the latter contracts, and leave the county without remedy. The action in the case at bar was brought for a large sum of money. It involved all of the transactions between the parties, based upon the several contracts. When all the pleadings are considered, the defendant was not in the attitude of seeking to recover back money paid to the plaintiff on these illegal contracts. The claim made that the contracts were illegal grew out of the same transactions upon which the plaintiff based his right to recover. We do not think that the defendant, upon the facts disclosed, should be denied the right to insist that the additional contracts were illegal.

IV. Exceptions were taken by plaintiff to some other instructions given by the court to the jury. The whole scope of the charge was to the effect that recovery could only be had upon the basis of a completed building for the original contract price of seventy-five thousand dollars. We fail to discover any prejudicial error in the instructions. Those relating to the authority given by the contract to the architect to determine the quality of material, and the amount of

the progressive estimates, appear to be correct. Com-
plaint is made that the ten per cent. of the estimates
which the defendant was authorized by the contract to
withhold to insure the completion of the building was
treated by the court as a forfeiture in case the plaintiff
was in fault in failing to finish the building according
to his contract. The defendant, by its contract, reserved
the right to take possession of the work, and complete
the building, in case of plaintiff's failure to comply
with his contract. The evidence shows without ques-
tion that more than the original contract price was
exhausted, and the building was not then completed.
This being the fact, the plaintiff was not entitled to any
of the ten per cent. retained. His legal obligation was
to complete the building for seventy-five thousand
dollars.

There are other objections made to the rulings of
the court during the trial. We have disposed of such
of them as we thought ought to be specially
5. Appeal :
practice :
cost of addi-
tional ab-
stract.
mentioned. We find no ground for dis-
turbing the judgment of the district court.
Complaint is made by the plaintiff's coun-
sel because of an additional abstract filed by defendant,
which, it is claimed, was unnecessary to a determination
of the questions involved. This additional abstract is
an abstract of all the evidence. It was filed by counsel
upon the claim made that the evidence shows without
conflict that the plaintiff has been paid the full amount
to which he is entitled under the contract, as construed
by the district court. It does not appear that this claim
is not made in good faith, and, under the circumstances,
we do not think the cost of said abstract should be
taxed to the defendant. The judgment of the court
below is

AFFIRMED.