WIEGEL *v.* PULASKI COUNTY.

Opinion delivered July 6, 1895.

CLAIMS AGAINST COUNTY—PLEADING.—A demurrer does not lie to a claim presented to the county court for allowance.

COUNTY CONTRACTS—VALIDITY—ACCEPTANCE OF WORK.—Under Sand. & Hill's Dig. sec. 1279, which provides that "no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended," a contract entered into by the county court for building a county turnpike, made without a previous appropriation therefor by the levying court, is void, and cannot be ratified by the county's acceptance of the work done under it.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*S. R. Cockrill* for appellant.

1.   No formal pleadings are required in the county court.   No question could be raised by demurrer.   30 Ark. 560; 31 Ark. 384; *Ib.* 657; 53 *id.* 378.

2.   It was error to dismiss the action without giving plaintiff leave to amend.   Sand. & H. Dig. sec. 5719; 30 Ark. 771; 44 *id.* 314; 27 *id.* 218.

3. The question of a valid contract was *res judicata*, and was final after the lapse of time. 24 Ark. 50; 22 *id.* 308; 55 *id.* 275; *Holmes* v. *Or. Ry. Co.*, 9 Fed. Rep.; 28 S. W. 1086; 39 Ark. 485; 47 *id.* 85. Even where a board or officer is authorized to determine whether work is completed in accordance with a contract, the determination of the board or officer is conclusive. 94 U. S. 98. Where that duty is devolved upon a judicial tribunal, every question involved in the determination is forever concluded by the judgment. 55 Ark. 275; 28 S. W. 1086; Elliott, Roads & Streets, 219; 39 Ark. 470.

4. No reason is shown against the validity of the contract. It is the exclusive function of the county court to enter into contracts for all county expenses, including the building of roads. Art. 7, sec. 28, const.; Sand. & H. Dig. sec. 1173; 57 Fed. Rep. (8 Ct. Ct. App.) 1030; 2 Dill. 253; Mansf. Dig. sec. 5953. The road overseer is merely an arm or agent of the court. 9 Ark. 320; 36 *id.* 466; 49 *id.* 490–1.

5. The affirming of the contract by allowance of claims and acceptance of the work under it by the court by orders of record were judicial acts. They adjudged that the preliminaries leading to it had been complied with. 55 Ark. 275; *Ib.* 148; 39 *id.* 485. It is only where there is fraud, or a jurisdictional defect in the county court, that a county can refuse to pay, where its constituted authorities have made a contract, and it has enjoyed the proceeds. 50 Ark. 16; 28 S. W. 1086; 57 Fed. 1030. It is presumed that the county officers acted in accordance with law. Elliott, Roads & Streets, 443; 50 Ark. 266; 147 U. S. 91.

*J. M. Rose*, for appellee.

1. The county court had no jurisdiction to make the contract under sec. 5953, Mansf. Digest, because: (1)

No road tax had been levied to raise a fund to pay for this work. (2.) The overseer did not let the contract as directed by the statute. (3.) This was a contract to build a turnpike, and not to open or repair a road. These are jurisdictional requirements, and unless they existed the court was acting without jurisdiction, and its judgments were absolutely void. A void judgment cannot be set up as *res judicata.* 2 Black on Judg. 513. The mere fact that the county court had jurisdiction over roads does not give it authority to act outside of the laws governing the subject. 4 Ark. 483, 489.

2. The judgments of the county court making the contract and accepting the road were both illegal and void, and cannot be *res judicata.* Freeman Judg. 363-4 ; 53 Ark. 476 ; 25 *id.* 261 ; 33 *id.* 740 ; 13 Atl. 559 ; 38 *id.* 157.

Pleadings in county court.

HUGHES, J. This is an appeal from the judgment of the circuit court, sustaining a demurrer to a demand presented to the county court, verified according to the statute, for allowance against the county of Pulaski, which had been disallowed by the county court, and from which disallowance an appeal was taken to the circuit court. No formal pleadings were filed in the case, and none were required. Only the account of appellant, in two items—one of $2,000, and one of $6,400, for building Arch street turnpike, under contract with the county, properly verified—was filed, and to this the demurrer was sustained. This was error. A demurrer does not lie to a claim presented to the county court for allowance. For this error the judgment is reversed, and the cause remanded for a new trial.

Several questions are raised and discussed in the brief of counsel, which will arise for determination on the trial in the circuit court, and as a desire is intimated that these be considered now, we proceed to express our views upon them.

Can the county court authorize the letting of a contract to construct a turnpike road without an appropriation first made therefor? The statute itself answers this question in the negative, in section 1279, Sandels & Hill's Digest, which provides that "no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended." This is the act of March 19th, 1879.

Construing this act, this court held, in the case of *Fones Hardware Co.* v. *Erb*, 54 Ark. 645, that the county court could not make a contract for the building of a bridge across the Arkansas river, at the city of Little Rock, without an appropriation having been first made therefor. In this case the court said : "It is the policy of the act to require the concurring judgment of the levying court and of the county judge that a bridge should be built, before a contract for building it can be made. When the levying court makes an appropriation to pay for one, that signifies its favorable judgment ; and the county judge may afterwards signify his by letting the contract. * * * * While we think that a contract cannot be made before there has been an appropriation for it, we do not think that when an appropriation has been made, the contract will be limited to the amount appropriated. When the levying court appropriates any sum for the work, that signifies their judgment that the work should be done ; and the county judge may then proceed to contract for it without further consulting them, the only limitation upon his power being found in other directions."

We hold, upon this statute, and the authority of this case, that, without some appropriation made therefor by the quorum or levying court, the county judge has no power to let a contract to construct a turnpike road. Though he has jurisdiction to let such a contract, he

<em>Validity of county contracts.</em>

must do so, if at all, within the limitations imposed by law upon the exercise of such jurisdiction. Otherwise there would be no restraint upon the extent of his power to contract, based upon the fact simply that he is invested with jurisdiction to make the contract. Such unlimited exercise of his jurisdiction to make such contracts might involve the county in hopeless bankruptcy, and the limitation is but a wholesome safeguard against the abuse of the power to make contracts binding the county.

While the county court is invested with jurisdiction of roads and highways, to have them "laid out, opened and repaired," by sec. 28, art. 7, of the constitution, and by sec. 1173 of Sandels & Hill's Digest, conferring upon the county court exclusive original jurisdiction in "all matters relating to county taxes, in all matters relating to roads," etc., and by sec. 6746 of Sandels & Hill's Digest, still the extent and exercise of this jurisdiction is limited and controlled by law.

The counsel for appellant contends that the validity of the contract with the county is *res judicata*, because the work under it was accepted and approved by the county, and allowances were made the contractor upon the work. But we think otherwise. There was no jurisdiction, without an appropriation first made, to make the contract upon the part of the county, and without such an appropriation it was void, and no adjudication could make it valid. If there was no power to make the contract, it was not, and could not be, ratified by the county's acceptance of the work done under it, so as to estop the county from asserting that it was void. "A subsequent ratification cannot make valid an unlawful act, without the scope of corporate authority." 1 Dillon, Mun. Corp. sec. 463.

In the case of *Newport* v. *Railway Co.*, 58 Ark. 270, it is held that an incorporated town has no power to

contract for the construction of a levee, nor to bind itself to pay therefor, and that it will not be held to have ratified such a contract by accepting the benefit of work done under it.

In 1 Dillon on Municipal Corporations, section 463, quoted in the opinion in the above case, it is said : "An absolute excess of authority by the officers of a corporation in violation of law cannot be upheld ; and, where the officers of such a body fail to pursue the requirements of a statutory enactment, under which they are acting, the corporation is not bound. In such cases the statute must be strictly followed ; and a person who deals with a municipal body is obliged to see that its charter has been fully complied with ; when this is not done, no subsequent act of the corporation can make an *ultra vires* contract effective." *Watkins* v. *Griffith*, 59 Ark. 344. If this were not true, the county court would be above the law, and could make contracts without the authority of law, and then ratify them and bind the county, and thus the law would be set at defiance. " It is a well settled rule of construction of grants by the legislature to corporations, whether public or private, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act, or derived therefrom by necessary implication." *Minturn* v. *Larue*, 23 Howard, 435 ; *Leonard* v. *Canton*, 35 Miss. 189 ; *Thomson* v. *Lee County*, 3 Wallace, 327.

There is not only no express or implied power in the county court to make such a contract without an appropriation first made for the work to be done, but, as we have seen, there is a positive inhibition against it in the statute quoted above.

Riddick, J., did not participate in this case.