[Sac. No. 100.   Department Two.—September 14, 1896.]

## MAURICE E. POWER, RESPONDENT, v. E. A. MAY, AS TREASURER OF TULARE COUNTY, APPELLANT.

COUNTIES—SUPERVISORS—EMPLOYMENT OF ATTORNEY.—The board of supervisors of a county has power to employ an attorney for the purpose of collecting a claim due it from the state.

ID.—CLAIM AGAINST COUNTY—WAIVER OF INFORMALITIES.—The board of supervisors may, under certain circumstances, allow a claim against the county, although the formalities necessary to bind it were not originally employed. Thus, in respect to a matter concerning which the board had original power, it may, provided the service has been rendered, or the money expended for the benefit of the county in a manner authorized by law, cure informalities or irregularities in procedure by a subsequent ratification and recognition of its liability.

ID.—CONTRACT WITH PUBLIC OFFICIALS—INCREASE OF COMPENSATION.—Where a board of supervisors employed its clerk, who was under a regular salary paid by the county, to collect a claim against the state for a commission on the amount collected, and the clerk obtained the employment under an agreement with the district attorney that he would perform the services, and the compensation should be divided, the contract is void as being an attempt to increase the compensation of a public official during his term of office, and also because it is contrary to that public policy which prohibits public officers from having any personal interest in public contracts.

APPEAL from a judgment of the Superior Court of Tulare County. WHEATON A. GRAY, Judge.

The facts are stated in the opinion of the court.

*F. B. Howard,* and *T. E. Clark,* for Appellant.

*Lamberson & Middlecoff,* for Respondent.

HENSHAW, J.—This is an appeal from a judgment given on the pleadings.

Plaintiff applied for a writ of mandate against defendant, treasurer of Tulare county. In his complaint he averred simply that the auditor of the county had issued to him a warrant payable out of the hospital fund, which warrant recited that it was "for commissions on moneys collected from the state for indigents." The warrant was presented to the treasurer, who refused to pay it, although there was and is, sufficient unappropriated money in the fund for that purpose.

After the filing of defendant's answer the court rendered the judgment appealed from.

Respondent contends that the only questions presented by the appeal are two questions of law: 1. Has the board of supervisors the power to employ an attorney for the purpose of collecting a claim due the county from the state? This question is completely answered in his favor by the case of *Lassen County* v. *Shinn,* 88 Cal. 510. 2. Can the board of supervisors legally allow a claim for the beneficial use of money, labor, or property, although the formalities necessary to bind the county have not been employed? Without entering into an elaborate consideration of this question, it is sufficient to say that this may at times, and under certain circumstances, be done, provided the power to do so be not withheld in the grant of powers to the board, and provided further that the service has been bestowed, or the money expended for the benefit of the county in a manner authorized by law. Under such circumstances, if the board had original power in the premises, it may cure informalities or irregularities in procedure by a subsequent ratification and recognition of its liability. (*Waitz* v. *Ormsby County,* 1 Nev. 370; *Pimental* v. *San Francisco,* 21 Cal. 352.)

But, while both of these questions may thus be resolved in favor of respondent, their answers do not, as respondent claims, remove all difficulties.

The pleading of defendant is far from being a model. Indeed, it is an extremely bad pleading.    It denies matters not averred in the complaint.    It " alleges that defendant has been informed, and has reason to believe, and does believe," certain facts, but does not aver the existence of these facts.    It expressly admits in one paragraph that there is money in the hospital fund sufficient to pay the amount claimed, after payment of all other sums legally chargeable against that fund, and elsewhere seems to aver that the moneys of the fund had all been exhausted before presentation of the demand.

Imperfect and inartistic as the answer undoubtedly is, nevertheless it sufficiently sets forth certain matters in defense.    If these matters constitute a defense, then it would be good against a general demurrer, and the court erred in rendering judgment upon the pleadings.

The complaint discloses nothing of the nature or origin of the demand of plaintiff for which the warrant was ordered drawn.    If the demand was illegal, then indubitably the treasurer was authorized to refuse payment of it, and to show this in his answer.

It is the illegality of the claim which he seeks to show.    And to do this he pleads that the board of supervisors, upon December 8, 1894, by resolution, ordered that John Broder be employed and authorized to collect from the state, moneys due for the care of indigents, orphans, and half orphans, said Broder to receive as compensation fifteen per cent of all moneys so collected. At the date of this employment, and thereafter, Broder was clerk of the board of supervisors under regular salary paid by the county of Tulare.    Maurice E. Power, the plaintiff, at that time and thereafter, was the district attorney of the county, and the agreement between the two was, that Broder should secure the employment, Power should perform the service, and the two should

divide the compensation. Plaintiff's claim presented to the board was "for commissions on three thousand nine hundred and twenty-six dollars and twenty-five cents, allowed by the state to Tulare county, *as per contract with John Broder,*" etc.   Defendant also averred that the contract is nonassignable, and that it is void.

There is enough here, if the allegations are true, to have entitled the defendant to a judgment. The averments then constitute a defense. Plaintiff's claim is expressly based upon the Broder contract. If, by this contract, the supervisors attempted to increase the compensation of a public official during his term of office, the contract is void, and cannot be made the basis of a recovery in the hands of any person. If Broder, as clerk of the board, colluded with Power, the then district attorney, to procure for themselves a contract, it was not only void as an attempt to increase their compensation, but void as against public policy, which sternly discountenances any personal interest upon the part of public officers in public contracts.

The judgment is reversed and the cause remanded with directions to the trial court to deny plaintiff's motion for judgment.

McFarland, J., and Temple, J., concurred.