[Civ. No. 1343. First Appellate District.—June 2, 1914.]

WILL JACKS, Respondent, v. JAMES TAYLOR, as County Treasurer of Monterey County, Appellant.

COUNTIES—CLAIM FOR EXPERTING BOOKS—MANDAMUS TO COMPEL PAYMENT—DEFENSES.—In *mandamus* proceedings to compel a county treasurer to pay a claim allowed by the board of supervisors against the county for experting the county books, it is error to sustain a

demurrer to the answer, on the ground that it does not state facts sufficient to constitute a defense, if the answer alleges that the contract upon which the claim is based, is invalid because it was not first approved by the court as prescribed by section 928 of the Penal Code, and that the claim was not filed with the clerk of the board three days prior to the session at which it was allowed.

ID.—ALLOWANCE OF CLAIM—JURISDICTION OF BOARD OF SUPERVISORS.— The mere presentation of a claim against a county to the board of supervisors does not clothe the board with jurisdiction to consider and allow it, and the order of the board allowing the claim does not *ipso facto* operate to foreclose consideration of the question as to jurisdiction of the board.

ID.—ILLEGAL ALLOWANCE OF CLAIM—DUTY OF TREASURER—DEFENSE TO MANDAMUS.—It is the duty of a county treasurer to refuse payment of a claim if upon the face of the claim it appears that the board of supervisors did not have jurisdiction to allow it, and such apparent lack of jurisdiction may properly be pleaded by the treasurer as a defense to a writ of *mandamus.*

ID.—ITEMIZATION OF CLAIMS—SECTION 4075 OF POLITICAL CODE NOT MANDATORY.—While the language of section 4075 of the Political Code, requiring an itemization of claims against a county, is at the outset apparently mandatory in making compliance therewith essential to the jurisdiction of the board to even consider a claim, the proviso in the concluding clause of the same section indicates that compliance with the requirement is directory, and therefore not essential to the board's jurisdiction to pass upon and allow claims.

ID.—TIME FOR FILING CLAIMS—SECTION 4076 OF POLITICAL CODE MANDATORY.—But the same reasoning cannot be applied to the provision of section 4076 of the Political Code that no account shall be passed by the board, unless filed with the clerk three days prior to the time of the meeting at which it is to be allowed. This language is mandatory in character, and nothing to the contrary elsewhere appearing, must be held to mean that compliance with its terms is a prerequisite to the jurisdiction of the board to consider and allow claims against the county.

ID.—PURPOSE OF STATUTE REQUIRING CLAIMS TO BE FILED THREE DAYS BEFORE MEETING OF BOARD.—The primary purpose of the statute in this particular is to permit a public and timely examination of all claims which may have been presented to the board for allowance, in order that subsequent opposition to their payment may, if necessary, be intelligently and effectively made.

ID.—ILLEGAL CLAIMS AGAINST COUNTY—DUTY OF TREASURER.—A county treasurer is by law required to pay only such warrants as are founded upon orders of the board of supervisors for the payment of claims legally chargeable against the county. He may and should

refuse to pay warrants known by him to have been drawn for claims not authorized by law.

ID.—CONTRACT FOR EXPERTING COUNTY BOOKS—POWER OF GRAND JURY.—Under section 928 of the Penal Code the power of a grand jury to make a contract for. the services of an expert and such assistants as may be necessary in the examination of the county books is not only limited in price to a designated per diem, but the approval of the court is expressly made a condition precedent to the execution of the contract.

ID.—CONTRACT IN VIOLATION OF STATUTE—WHEN ILLEGAL.—A contract is illegal which is made in direct disregard of the provisions of a, statute which provides for and regulates its making.

ID.—EXPERTING COUNTY BOOKS—CONTRACT BY GRAND JURY—FAILURE TO OBSERVE STATUTORY REQUIREMENTS.—A contract by the grand jury with a firm of experts to expert the county books, which is not approved by the court as prescribed by section 928 of the Penal Code, and which provides for a sum in excess of ten dollars a day for the experts and in excess of five dollars a day for each assistant, is illegal, and a claim thereon is illegal. The board of supervisors has therefore no jurisdiction to allow the claim, and an attempted allowance invests the claim with no validity.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Chas. B. Rosendale, for Appellant.

Daugherty & Lacey, for Respondent.

LENNON, P. J.—This is a proceeding in *mandamus*. The petitioner in the court below will hereinafter be referred to as the plaintiff, and the respondent in that court as the defendant.

The plaintiff prayed for and procured a judgment, commanding the defendant, James Taylor, as the Treasurer of Monterey County, to pay to the plaintiff, as the assignee of one Anson Herrick, the sum of three thousand five hundred dollars, which the petition for the writ alleged had been previously allowed and ordered paid by the board of supervisors of said county to said Herrick, as the assignee of Lester, Herrick & Herrick, for services rendered between August 11, 1912, and November 19, 1912, in ''experting the official books

and records of the various county and district officers of Monterey county." The petition further alleged that the claim in controversy was indorsed, countersigned, certified and attested in the usual and ordinary form by the clerk, and chairman of the board of supervisors, and then presented to the county auditor, who in turn indorsed thereon his warrant to the defendant, as treasurer, duly signed and attested, and then delivered the same to plaintiff's assignor. That thereafter said claim, with the warrant indorsed thereon, was for a valuable consideration assigned to plaintiff, who presented the same for payment to the defendant as treasurer, but the latter refused payment notwithstanding the fact that there was at all times sufficient unappropriated money in the fund out of which the claim was allowed and ordered paid.

The defendant in his answer admitted all of the allegations of the petition, save and except the alleged assignment of the claim in controversy to plaintiff. Defendant, however, further answering averred, among other things, in substance that the claim in controversy was based upon a contract between the grand jury of Monterey County and the firm of Lester, Herrick & Herrick for the experting of the county books; that said contract was illegal and void in the particulars that it "was not first approved by the court as prescribed by sec. 928 of the Penal Code of the state of California, and that said contract was for a sum in excess of ten dollars per day for an expert, and that said contract was in excess of $5 per day for each assistant of said expert, as provided by sec. 928 of said Penal Code"; that said claim did not contain an itemized statement of the services rendered; that said claim was allowed at a regular meeting of the board commencing upon the fourth day of January, and ending on the sixth day of January, 1913; that it appeared from the indorsements on said claim "that it was not filed with the clerk of said board of supervisors or with said board of supervisors for three days prior to the commencement of said regular session at which it was to be allowed; but that said claim was presented to said board of supervisors on said 6th day of January, 1913, and was acted upon and allowed and approved and ordered paid . . . on the said 6th day of January, 1913."

The plaintiff demurred to the defendant's answer solely upon the ground that it did not state facts sufficient to consti-

tute a defense. The lower court sustained the demurrer without leave to amend; and thereupon rendered and entered judgment for the plaintiff, from which an appeal has been taken upon the judgment-roll.

We are of the opinion that the demurrer was wrongfully sustained. It is not disputed that when passing upon the correctness of the claim in controversy the board of supervisors was sitting and acting as a *quasi* judicial body, and that therefore its conclusion that such claim should be allowed and paid was an adjudication which, when supplemented by the warrant of the auditor, would ordinarily be final and conclusive upon the defendant as treasurer. Admittedly this is the settled and general rule in this state; but the rule presupposes jurisdiction in the board to consider the claim at all. The mere presentation of the claim was not sufficient to clothe the board with jurisdictional power to consider and allow the same; nor did the order for its allowance *ipso facto* operate to forever foreclose consideration of the question as to whether or not the board did in fact have the requisite jurisdiction. (*Walton* v. *McPhetridge,* 120 Cal. 440, [52 Pac. 731].) It was the duty of the defendant as county treasurer to refuse payment if, upon the face of the claim, it appeared that the board did not have jurisdiction to consider the same; and therefore such apparent lack of jurisdiction might be properly pleaded as a defense to the writ. (*Carroll* v. *Siebenthaler,* 37 Cal. 193; *Von Schmidt* v. *Widber,* 105 Cal. 151, [38 Pac. 682]; *Ventura Co.* v. *Clay,* 114 Cal. 242, [46 Pac. 9]; *Power* v. *May,* 114 Cal. 207, [46 Pac. 6].)

Section 4041 of the Political Code declares that "boards of supervisors shall have jurisdiction and power, under such limitations and restrictions as are prescribed by law, to examine, settle and allow accounts legally chargeable against the county." Section 4075 of the same code provides that the board "must not hear or consider any claim . . . in favor of any person . . . nor allow any claim or bill against the county unless the same be itemized, giving names, dates and particular services rendered, character of work done, number of days engaged, etc. . . . If, in case of any claim which requires itemizing, the board do not hear or consider the same because it is not itemized, they shall cause notice to be given to the claimant or his attorney of that fact, and give time to have

the claim itemized and reverified.'' The following section provides that ''No account shall be passed upon by the board unless . . . filed with the clerk three days prior to the time of the meeting at which it is to be allowed.''

While the language of section 4075 of the Political Code, requiring an itemization of claims against the county, is at the outset apparently mandatory in making compliance with such requirement essential to the jurisdiction of the board to even consider such a claim, nevertheless the proviso in the concluding clause of the same section would indicate that compliance with the requirement is directory, and therefore not essential to the board's jurisdiction to pass upon and allow claims against the county (*County of Colusa* v. *Welch,* 122 Cal. 428, [55 Pac. 243]).

If this be so, then with reference to the allegation that the claim in controversy was not itemized, the lower court was correct in holding that the answer of the defendant did not state facts sufficient to constitute a defense. The same reasoning, however, cannot be applied to section 4076, which provides that ''No account shall be passed upon by the board unless . . . filed with the clerk of the board three days prior to the time of the meeting of the board at which it is to be allowed.'' This language is mandatory in character; and nothing to the contrary elsewhere appearing, must be held to mean that compliance with its terms is a prerequisite to the jurisdiction of the board to consider and allow claims against the county. ''Any person may appear before the board and oppose the allowance of any claim or demand against the county'' (Pol. Code, sec. 4074). Plainly the primary purpose of the statute in this particular is to permit a public and timely examination of all claims which may have been presented to the board for allowance, in order that subsequent opposition to their payment may, if necessary, be intelligently and effectively made. The provisions of the statute immediately under consideration are analogous in their essential features to a statute of the state of Nevada, which required boards of supervisors, upon the filing of a protest by any citizen, to suspend for a period of ten days the consideration of a claim against the county, when, unless in the mean time court proceedings had been instituted to test its validity, the board might proceed to consider such claim. The supreme

court of the state of Nevada when construing this statute said in effect that the filing of objections to a claim or demand against the county operated to suspend the jurisdiction of the board for at least ten days; and declared that this was so because the board of supervisors ''was a tribunal of limited jurisdiction, and possessed only *quasi* judicial powers, and cannot proceed except in strict accordance with the mode prescribed by statute. It has no right or authority to adopt any other mode than that provided for and pointed out by statute. It possesses no common law jurisdiction or powers. The statute is its guide, and strict adherence to it is essential. All of the authorities are to this effect, and there can be no safety in any other rule.'' (*State* v. *Gallagher,* 22 Nev. 80, [35 Pac. 485].)

This language may be pertinently applied to the statute before us; and a parity of reasoning we think compels the conclusion that the requirement relative to the time within which a claim must be filed before it can be considered by the board, is a condition precedent to the jurisdiction of the board to hear and determine such claim. In the present case it was the apparent purpose of the answer of the defendant to plead as a defense to the writ that the claim in controversy showed upon its face that it had been prematurely considered, and that as a consequence the board was without jurisdiction to order its payment. As against a general demurrer we think this defense was sufficiently well pleaded to require a hearing upon the merits.

This brings us to a consideration of that portion of the defendant's answer which purports to plead in effect that the board was without jurisdiction in the premises because the claim in controversy was founded upon a contract which was in effect illegal. ''The board shall have jurisdiction . . . to examine, settle and allow accounts *legally* chargeable against the county'' (Pol. Code, sec. 4041); and the defendant as county treasurer is by law required to pay only such warrants as are founded upon orders of the board of supervisors for the payment of claims legally chargeable against the county. He may and should refuse to pay warrants known by him to have been drawn for claims not authorized by law (*Perry* v. *Ames,* 26 Cal. 372; *Kelly* v. *Sersanous,* 5 Cal. Unrep. 485, [46 Pac. 299]; *Linden* v. *Case,* 46 Cal. 171; *Von Schmidt* v. *Wid-*

*ber,* 105 Cal. 151, [38 Pac. 682] ; *Los Angeles County* v. *Lankershim,* 100 Cal. 525, [35 Pac. 153, 556]).

Section 928 of the Penal Code makes it the duty of the grand jury annually to make a complete examination of the books, records and accounts of all county officers, ''and if in their judgment the services of an expert are necessary they shall have power to employ one at an agreed compensation not to exceed ten dollars a day, to be first approved by the court; and if in their judgment the services of an assistant to such expert are required they shall have power to employ such at a compensation to be agreed upon and approved by the court, not to exceed, however, five dollars a day for each assistant.'' It will thus be seen that the power of a grand jury to make a contract for the services of an expert and such assistants as may be necessary is not only limited in price to a designated per diem, but that the approval of the court is expressly made a condition precedent to the execution of such contract.

''That is not lawful which is contrary to an express provision of the law'' (Civ. Code, sec. 1667) ; and the general principle is well established that a contract is illegal which is made in direct disregard of the provisions of a statute which provides for and regulates the making of such contract. (1 Dillon on Municipal Corporations, sec. 457 [3d ed.] ; *Wiegel* v. *Pulaski Co.,* 61 Ark. 74, [32 S. W. 116] ; *King* v. *Mahaska Co.,* 75 Iowa, 329, [39 N. W. 636] ; *Jefferson Co.* v. *Arrighi,* 54 Miss. 668; *Maupin* v. *Franklin Co.,* 67 Mo. 327; *Tullock* v. *Webster Co.,* 46 Neb. 211, [64 N. W. 705] ; *Brady* v. *New York,* 20 N. Y. 312; *Tomlinson* v. *Hopkins Co.,* 57 Tex. 572; *Murphy* v. *Napa Co.,* 20 Cal. 497.)

Applying this general principle to the contract upon which the claim in controversy is alleged to have been founded, there is no escape from the conclusion, it seems to us, that such contract was illegal. Being so, it follows as a necessary consequence that the claim based thereon was also illegal (*Perry* v. *Ames,* 26 Cal. 372), and that therefore the board of supervisors had no jurisdiction to allow it (*Keller* v. *Hyde,* 20 Cal. 593). The mere fact that the claim was allowed by the board did not invest it with a validity which it did not theretofore possess (*Phelan* v. *San Francisco,* 6 Cal. 531; *Gardner* v. *Tatum,* 81 Cal. 370, [22 Pac. 880] ; *Santa Cruz etc.* v. *Brod-*

*erick,* 113 Cal. 628, [45 Pac. 863] ; *Berka* v. *Woodward,* 125 Cal. 119, [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777] ; *Wiegel* v. *Pulaski Co.,* 61 Ark. 74, [32 S. W. 116]. The original illegality of the claim in controversy constituted a good defense to the writ (*Keller* v. *Hyde,* 20 Cal. 593; *Power* v. *May,* 114 Cal. 207, [46 Pac. 6] ; and if such claim was upon its face and in fact illegal ''then indubitably the treasurer was authorized to refuse payment and to show this in his answer.'' . (*Power* v. *May,* 114 Cal. 207 [46 Pac. 6].)

In the absence of a special demurrer and a motion to strike out, the plaintiff will not be heard to complain of the uncertainties, ambiguities, and conclusions of law which run throughout the answer of the defendant. Despite these manifest defects in pleading we are satisfied that, upon the whole, the answer of the defendant, as against a general demurrer, states facts sufficient to constitute a defense to the writ. (*Power* v. *May,* 114 Cal. 207, [46 Pac. 6].)

The judgment appealed from is reversed, with instructions to the lower court to overrule the demurrer.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1914.