[Civ. No. 2529.   First Appellate District.—October 18, 1918.]

NAPA VALLEY ELECTRIC COMPANY (a Corporation), Appellant, v. CALISTOGA ELECTRIC COMPANY (a Corporation), Respondent.

PUBLIC UTILITIES ACT—ELECTRIC CORPORATION—SALE OF PROPERTIES— SPECIFIC PERFORMANCE — PLEADING — DEMURRER.—A complaint, in an action by one electric corporation against another electric corporation for the specific performance of a contract by the defendant to convey its properties to the plaintiff, which fails to allege that there has been secured from the Railroad Commission of the state of California an order authorizing the defendant to sell to plaintiff as required by section 51 of the Public Utilities Act, does not state a cause of action.

APPEAL from a judgment of the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

U'Ren & Beard, for Appellant.

Asher, Meyerstein & McNutt, Joseph C. Meyerstein, H. L. Johnston, and L. E. Johnston, for Respondent.

STURTEVANT, J., *pro tem.*—The plaintiff brought this action against the defendant to compel it to convey to plaintiff its properties on which it had given the defendant an option.

The lower court sustained a demurrer to the plaintiff's amended complaint, the plaintiff elected not to amend, judgment was entered in favor of the defendant, and the plaintiff has appealed on the judgment-roll. The plaintiff is a public service corporation serving electric energy to the inhabitants of St. Helena, and the defendant is the same kind of a corporation serving the inhabitants of Calistoga. December 31, 1914, each corporation executed to the other an option to sell to the other. The plaintiff first sought to exercise its option, and, as the defendant failed to comply, this action in specific performance was commenced. In its amended complaint the plaintiff does not allege that either the plaintiff or the defendant has "secured from the Railroad Commission of the state of California an order authorizing the defendant to sell to the plaintiff." The defendant claims such an allegation is a prerequisite to a cause of action in such a case. The plaintiff urges (1) that if such is the law, then no contract to sell a public utility plant can be enforced; and (2) that the objection is premature. We shall consider these contentions together. Subdivision "a" of section 51 of the Public Utilities Act (Stats. 1911 [Ex. Sess.], p. 44), provides:

"No . . . electrical corporation . . . shall henceforth sell, lease, assign, mortgage or otherwise dispose of or encumber the whole or any part of its . . . line, plant or system, necessary or useful in the performance of its duties to the public, or any franchise or permit or any right thereunder, nor by any means whatsoever, direct or indirect, merge or consolidate its . . . line, plant or system, or franchises or permits or any part thereof with any other public utility, without having first received from the commission an order authorizing it so to do. Every such sale . . . made other than in accordance with the order and approval of the commission authorizing the same shall be void. . . ."

Section 76 of the same statute (page 61) provides:

"Any public utility which violates or fails to comply with any provisions . . . of this act . . . is subject to a penalty of not less than $500 nor more than $2,000 for each and every offense."

It needs no citation of authority to the effect that said statute was enacted primarily in behalf of the public rather than the owners of public utilities. It is a settled rule that a contract will not be enforced if the contract is in viola-

tion of the provisions of a statute enacted for the protection of the public. (*Levinson* v. *Boas,* 150 Cal. 185, 193, [11 Ann. Cas. 661, 12 L. R. A. (N. S.) 575, 88 Pac. 825].) It will be noted that the language of the Public Utilities Act is not only prohibitory, but a penalty is provided for violations thereof. Such a statute must be construed as being prohibitory, and a contract made in contravention of the terms thereof is void and is unenforceable. (*Berka* v. *Woodward,* 125 Cal. 119, 127, [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777] ; *State* v. *Wilson,* 73 Kan. 334, 343, [117 Am. St. Rep. 479, 84 Pac. 737, 80 Pac. 639], and extended notes.) A court of equity will never assume jurisdiction to prepare a decree dependent for its efficacy on the approval or rejection of some other co-ordinate or inferior board or tribunal, but only when the court can enforce its decree. (3 Pomeroy's Equity Jurisprudence, sec. 1405 ; *Senter* v. *Davis,* 38 Cal. 450, 455.) Furthermore, when, acting within the scope of its constitutional powers, the legislature has sought by statute to provide that certain contracts may be made only after obtaining certain permits so to do, such permits become conditions precedent to the making of enforceable contracts. (*Gardner* v. *Tatum,* 81 Cal. 370, [22 Pac. 880] ; *Jacks* v. *Taylor,* 24 Cal App. 667, 674, 675, [142 Pac. 121] ; *State* v. *Wilson,* 73 Kan. 334, 343, [117 Am. St. Rep. 479, 506, 507, 80 Pac. 639, 84 Pac. 737].) In the instances mentioned above the purported contract is illegal. When that fact is called to the attention of the court, the court will refuse the plaintiff any relief and will leave the parties where it finds them. Such action is taken not to help the defendant, but not to help the plaintiff; not for the sake of either party, but for the sake of the law itself. (*Union* v. *Buckman,* 150 Cal. 159, 164, 165, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708] ; *O'Brien* v. *Shea,* 208 Mass. 528, [22 Ann. Cas. 1030, 1033, 95 N. E. 99].)

The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1918, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court, after decision in the district court of appeal of the first appellate district, is denied.

In denying the application, we deem it proper to say that we do so upon the theory that, in view of the matters stated in the opinion, the equitable remedy of specific performance is not available to the plaintiff. In view of such a conclusion, it is unnecessary to decide whether the attempted agreement was absolutely void, and we are not to be understood as expressing any opinion thereon.