## THE CITY OF CAIRO
### v.
### FREDOLINE BROSS.

1.   SPECIAL CHARTER—ORGANIZATION UNDER GENERAL LAW.—In the change from a special charter to the general law, all laws and parts of laws not inconsistent with the general law, are, by the provisions of Section 6, preserved.

2.   CONSTRUCTION OF SAVING CLAUSE.—The thing saved must be a law or part of a law.   If a part, it must be such a substantive member, having such individual features that it can be treated as a distinct entity, and which might be imported into the new law without marring its harmony or uniformity.

3.   POWER TO LICENSE OR TAX.—By the special charter power was given to license, tax and regulate certain trades.   The general law provides a list of trades which may be licensed, embracing some of those found in the special charter, but not all, and including others not contained in the charter. To import one subject of taxation from the special charter and add it to the subjects embraced in the general law, would be the taking of a mere fragment of the old law, and would be inconsistent with the harmony of the new law.

ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.   Opinion filed October 6, 1881.

Messrs. GREEN & GILBERT, for plaintiff in error.

Messrs. LINEGAR & LANSDEN, for defendant in error; cited Law v. The People, 87 Ill. 387; The People v. Young, 38 Ill. 490; The People v. Cooper, 83 Ill. 585; Culver v. Third Nat.

Bank, 64 Ill. 528; Andrews v. The People, 75 Ill. 605; Devine v. Com'rs, 84 Ill. 590; Guild v. Chicago, 82 Ill. 472; U. S. v. Claflin, 7 Otto, 546; Sacramento v. Bird, 15 Cal. 294; State v. Conkling, 19 Cal. 501; Swan v. Buck, 40 Miss. 268; Plank Road v. Allen, 15 Barb. 15; Rawson v. Rawson, 52 Ill. 62.

Per Curiam.  In the transfer from the special charter to the general law, all laws and parts of laws not inconsistent with the general law, were by the express provision of Sec. 6, preserved.  This section prevents the application of the rule that presumes a repeal when the new law is a complete re-cast of the subject of the old.  Now what is necessary to effect a saving under Sec. 6?  1st.  The thing saved must be a law or a part of a law.  2d.  It must be not inconsistent with the new law.  It is claimed that here there is a saving of a part of a law.  A part (Latin *pars*) is defined to be one of the portions equal or unequal, into, which anything is divided, or regarded as divided—a piece, a fragment, division, a member, a constituent—and is synonymous with section.  We think the term as here used must be regarded as signifying not merely a fragment of a specific provision, but a substantive member, division or section having such individual features that it may be treated as a distinct entity, that might be imported wholly into the new law without marring its harmony or uniformity. The 18th clause of Sec. 1, Art. 5 of the special charter, gives power to license tax, and regulate a dozen or more trades and occupations, merchants included.

This authority might be deemed a constituent part, member, division or section of the law embracing a distinct subject of taxation—a special source of revenue, particularly fit for the locality in view of the business features of the place and the other means of income elsewhere provided for; but to single out one of these trades when others have been or have not been covered by the general law, and carry it to the aid of the city now operating under the general law, would, as it seems to us, be to preserve, not a part of a law, but rather a mere fragment of a part.  Again, it seems not consistent with the general law.  The latter provides a list of trades and occupations

—say thirty-five—which may be licensed, embracing some of those contained in the 18th clause of Sec. 1, Art. 5, of the charter, and including also several that are not in it. Now, it was the policy of the charter that the income of the city, so far as this source of revenue was involved, should be collected from the list named in clause 18, but it is the policy of the general law to place it upon a different list; so we think these provisions must be inconsistent in this: that they would not be equally well adopted to the wants and resources of the city under both organizations.

Under the new organization there are other modes of raising revenue, as there were under the old, but there are not the same in both, and in each those other modes were framed and adjusted no doubt in view of what was to be derived from the licenses, so that to import all the subjects of license known to the old, and incorporate them with and add them to the new, would necessarily derange the system and produce results not contemplated by, and inconsistent, with it. The judgment of the circuit court will be affirmed.

Affirmed.