[No. 182.   Decided May 22, 1891.]

# NORTHERN PACIFIC RAILROAD COMPANY v. SEBASTIAN HAAS AND MARY HAAS.

EMINENT DOMAIN — GENERAL AND SPECIAL STATUTES — REPEAL BY IMPLICATION.

The intention of the legislature in enacting laws should be ascertained; and, if it sufficiently appears that it was intended that a subsequent general law should supersede all prior legislation upon the same subject, general or special, though not expressly so stated, effect should be given to such purpose.

The act of February 1, 1888 (Laws 1887–8, p. 58), providing a general and complete method of ascertaining and obtaining damages in consequence of the appropriation of land by corporations for railway purposes, requiring actions to be brought in the district court, and declaring the remedy exclusive of all others, repeals by implication the provisions of the charter of Spokane Falls (Laws 1885–6, p. 304, ¿ 11) allowing actions for damages to abutting property from building railroads in streets to be recovered before a justice of the peace.

*Appeal from Superior Court, Spokane County.*

The facts are fully stated in the opinion.

*Mitchell, Ashton & Chapman,* and *Griffitts, Moore & Feighan,* for appellant.

The act of February 1, 1888, expressly declares that the remedy furnished thereby shall be exclusive of all other remedies. This act then superseded all other laws of the Territory of Washington upon the subject to which it related. Endlich, Interp. St., p. 304, *et seq.; Pierpont v. Crouch,* 10 Cal. 315; *Christy v. Sacramento,* 39 Cal. 3; *Ex parte Smith,* 40 Cal. 419; *People v. Sargent,* 44 Cal. 430; *Hemstreet v. Wassum,* 49 Cal. 273; *Dutton v. Aurora,* 114 Ill. 138; *Frederick v. Groshon,* 30 Md. 436 (96 Am. Dec. 591); *Howe v. Starkweather,* 17 Mass. 240; *Water Commissioners v. Conkling,* 113 Ill. 344. And where the design of an act is to make a general and uniform mode or course of procedure, as was undeniably the design of the act of February 1, 1888, it is uniformly held to repeal all other acts upon the subject, general or special. Endlich, Interp. St., §§ 231, 232, notes 94 and 95, with authorities there cited; *People v. Miner,* 47 Ill. 33; *Tacoma Land Co. v. Pierce County,* 1 Wash. 482; *Gorham v. Luckett,* 6 B. Mon. 146; *Cairo v. Bross,* 9 Ill. App. 406; *Knox Co. v. McComb,* 19 Ohio St. 320; *State v. Morristown,* 33 N. J. Law, 57.

*William A. Taaffe,* and *Thomas B. Higgins,* for appellees.

That a general law does not repeal a local or special law on the same subject, unless so stated in express terms, must be regarded as settled in this state by the decision in *Cascade R. R. Co. v. Sohns,* 1 Wash. T. 557, where the identical question was decided on the same subject-matter. See also, *Corbett v. Territory,* 1 Wash. T. 431; Endlich, Interp. St., §§ 223–8; *McKenna v. Edmundstone,* 91 N. Y.

231; *In re Commissioners of Central Park*, 50 N. Y. 493; *Cumberland v. Magruder*, 34 Md. 381. And this is so, though the general law contains a general repealing clause. *Whipple v. Christian*, 80 N. Y. 523; *Van Denburgh v. Village of Greenbush*, 66 N. Y. 1; *Bowen v. Lease*, 5 Hill, 225; *In re The Evergreens*, 47 N. Y. 216.

The opinion of the court was delivered by

SCOTT, J.—This proceeding was commenced in July, 1890, by petition under §§ 2473 to 2476, inclusive, of the Code of 1881, before a justice of the peace of Spokane county, by the appellees, who were residents of the city of Spokane Falls, to obtain damages from appellant for its appropriating a certain street, or a portion thereof, in said city for the purpose of laying its railroad track thereon, said street adjoining certain land within said city, of appellees, which was claimed to have been damaged thereby. Section 11 of the charter of Spokane Falls, to be found at page 304 of the Session Laws of 1885–86, empowered the city to authorize the locating of railroad tracks upon its streets, and contained a provision that any person or corporation laying down such railway should be liable to the owners of property abutting on such street for all damages or injury caused thereby, to be ascertained on petition of the property owner or owners in the manner provided by the sections of the code aforesaid. An act of the legislature approved February 1, 1888 (see Session Laws 1887–88, p. 58), provided a general and complete method of ascertaining and obtaining damages in consequence of the appropriation of land or other property by corporations for railway or other purposes, and required the proceeding therefor to be instituted in the district court of the district wherein the land was situated, or before the judge thereof, and purported to make the same exclusive of all other remedies, but did not refer expressly to the special provisions of said, or any other, city's charter.

Appellant appeared before the justice of the peace, and objected to his jurisdiction in the premises, claiming that the proceedings must be had in accordance with the provisions of the latter act, which objection was overruled. Appellees contend that the sections of the code aforesaid were, in effect, adopted in the city charter by the reference thereto in the provision of § 11, and, inasmuch as the last act did not expressly refer to said provision, that the same, and said code sections, are still in force as to such matters arising in said city, and cite several authorities bearing more or less upon the proposition, and supporting their contention.

As a rule, it will not be held that a special act is repealed by implication by a general one upon the same subject. The intention of the legislature, however, in enacting the several laws, is what is to be arrived at; and, if it sufficiently appears that it was intended that a subsequent general law should supersede all prior legislation upon the same subject, general or special, though not expressly so stated, effect should be given to such purpose. It was at first, and for quite a long time, customary, in our territorial legislation, to grant special charters to different cities with widely varying provisions, both in respect to each other and to the general laws of the state. Later, such a course, as is usually the case, was found to be unsatisfactory, and there was a tendency to enact general laws to supplant such special provisions, which were becoming recognized as contrary to public policy. This general sentiment has subsequently found further expression by the limitation in our state constitution preventing the legislature from granting corporate powers or privileges by special acts, and prohibiting special legislation in many other instances. The said sections of the code, while in force, prescribed the general law of the state upon that subject. The legislature, by referring to them in the pro-

vision of § 11 of the charter of the city of Spokane Falls, showed an intention to provide the same particular remedy for residents of that city as existed there and elsewhere in the state in cases where land was taken for railway purposes, being the remedy provided by the code upon the same general subject. The later general law in force when this proceeding was instituted provided a remedy in all cases for the taking of land, or injuriously affecting it, for such purposes. Under it, proceedings could have been commenced before the district court or its judge for lands so taken or damaged within the limits of said city. There is no reason why the additional remedy should exist in said city of proceeding before a justice of the peace according to the sections of the code formerly generally in force. It is contrary to public policy that the special law should continue, the general law affording a complete remedy; and, in view of all the circumstances, we must hold that the act of 1887–88 was intended to supplant or repeal the special provision relating to the remedy or procedure in such cases, and that the justice of the peace had no jurisdiction in the premises. As to the effect of general acts upon special ones, see 1 Dill. Mun. Corp. (4th ed.), § 87; Endlich, Interp. St., § 230, and authorities there cited.

Judgment reversed.

ANDERS, C. J., and DUNBAR, HOYT, and STILES, JJ., concur.