# H. H. Fraim, Appellant, v. Lancaster County.

*Statutes—Repeal—Legislative intent—Local act—Fee bill—Costs—Acts of April 2, 1868, P. L., 3, and May 23, 1893, P. L. 117—Uniformity.*

The question of the repeal of a statute by a later one is essentially a question of legislative intent, and while a general affirmative act without express words of repeal will not repeal a previous special or local act on the same subject inconsistent with it, this rule is not one of positive law but of construction only, adopted to settle legislative intent in the absence of words declaring such intent.

As the intent of the act of May 23, 1893, P. L. 117, as declared in its preamble is to create a " uniform fee bill for the several counties throughout the commonwealth," the act repeals the act of April 2, 1868, P. L. 3, which is a local and special act.

Uniformity " throughout the commonwealth " means in every county thereof.

Argued May 23, 1895. Appeal, No. 67, July T., 1895, by plaintiff, from judgment of C. P. Lancaster Co., Jan T., 1892, No. 60, for plaintiff on case stated. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine the validity of constable's bill of costs.

The case stated was as follows:

It is admitted that H. H. Fraim was duly appointed constable of Sadsbury township, Lancaster county, Pa., by the court of quarter sessions of said county on September 23, 1893, and performed the services stated in his bill hereto attached and made part of this case stated.

If the court shall be of the opinion that the act of May 23, 1893, P. L. 117, repealed the act of April 2, 1868, P. L. 3,

so far as relates to the fees of aldermen, justices of the peace and constables elected or appointed in Lancaster county subsequent to the passage of the act of May 23, 1893, then judgment to be entered for plaintiff for said amount of $23.95, or so much thereof as shall be found to be correct under the provisions of said act.

But if the court shall be of the opinion that the act of May 23, 1893, P. L. 117, does not repeal the act of April 2, 1868, P. L. 3, so far as relates to the fees of aldermen, justices of the peace and constables elected or appointed in Lancaster county subsequent to the passage of the act of May 23, 1893, then judgment to be entered in favor of plaintiff for $16.53, being the amount said plaintiff would be entitled to for the services rendered by him and set forth in his bill under the said act of April 2, 1868, P. L. 3.

The court in an opinion by LIVINGSTON, P. J., concluded as follows :

It being the opinion of the court that the act of April 2, 1868, P. L. 3, is a local and not a general act, that it is not unconstitutional, and that it is not repealed by the act of May 23, 1893, P. L. 117, so far as relates to the constables elected or appointed in the county of Lancaster subsequent to the passage of the act of May 23, 1893, judgment is now entered, in accordance with the provisions of the case stated, in favor of plaintiff for $16.53, being the amount to which he would be entitled for services rendered by him, as set forth in his bill under the act of April, 1868.

*Error assigned* was above judgment.

*W. U. Hensel, J. Hay Brown* with him, for appellant.—In the later opinions of the Supreme Court there is a strong tendency toward making uniform laws and regulations for the same matters in the different counties and districts of the state ; and the express words of the act of 1893, and the reason given in its preamble for its enactment, tend to show that its purpose was to create uniformity in the charges of justices, magistrates and constables "throughout the commonwealth of Pennsylvania : " Com. v. Macferron, 152 Pa. 244 ; Newbold v. Pennock, 154 Pa. 591 ; Com. v. Wunch, 167 Pa. 186 ; In re 22d St., 102

Pa. 108; In re East Grant St., 121 Pa. 596; Com. ex rel. v. Weir, 165 Pa. 284; Com. v. Schneipp, 166 Pa. 401.

An intention to supersede local and special acts may be gathered from the design of an act to regulate by one general system or provision the entire subject-matter thereof, and to substitute for a number of detached and varying enactments one universal and uniform rule applicable throughout the state: Endlich on Interpretation of Statutes, 231; Gorham v. Luckett, 6 B. Mon. (Ky.) 146; Frederick v. Goshorn, 30 Md. 436.

*Thomas Whitson* and *George A. Lane*, for appellee.—A local law is only repealed by a general law upon the same subject where it is expressly mentioned in it or is inconsistent with its terms: Bounty Accounts, 70 Pa. 92.

A general later affirmative law does not abrogate an earlier local or special one by mere implication: Lerch v. Snyder, 112 Pa. 161; Malloy v. Reinhard, 115 Pa. 25; Evans v. Phillipi, 117 Pa. 226; Endlich on Interpretation of Statutes, 298, sec. 223.

The authorities cited by the learned counsel for the appellant do not reach the case. Quinn v. Cumberland Co., 162 Pa. 55, rested upon an entirely different ground, the unconstitutionality of the act.

The still later cases of Com. ex rel. v. Weir, 165 Pa. 284, and Com. ex rel. v. Schneipp, 166 Pa. 401, are still wider of the mark. There the language of the act of May 23, 1893, P. L. 117, in relation to boroughs in the state of Pennsylvania, which it was held repealed the act of February 27, 1851, P. L. 115, by which the borough of Bridgeport had been chartered, says: "That the qualified voters of every borough in the commonwealth," etc.; of course the local act had to give way in that case, as it was impossible to reconcile them.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895:

The question of the repeal of a statute by a later one is essentially a question of legislative intent. While therefore the rule undoubtedly is, as the learned court below held, that a general affirmative act without express words of repeal, will not repeal a previous special or local act on the same subject even though the provisions of the two be inconsistent, yet it is never to be

lost sight of that it is not a rule of positive law, but of con-
struction only, adopted as our brother WILLIAMS accurately
expresses it in Com. ex rel. v. Macferron, 152 Pa. 244, " in
order to settle judicially the legislative intent, in the absence
of words declaring such intent."

In accordance with this rule the presumption is that the act
of May 23, 1893, P. L. 117, being a general act, does not repeal
the act of April 2, 1868, P. L. 3, which is clearly, as held by
the learned court below, a local or special statute.    But equally
in accordance with the purpose and limitations of the rule, such
presumption must give way to a plain manifestation of a dif-
ferent legislative intent.    Of such intent the act of 1893 leaves
no room for doubt.    The preamble is, " Whereas, no general
fee bill for justices of the peace has been enacted since the act
increasing the jurisdiction of justices; and whereas no uniform
fee bill for the several counties throughout the commonwealth
of Pennsylvania now exists relating to justices of the peace,
magistrates, aldermen and constables."    The natural office of
a preamble being to set out the mischief of existing law which
is intended to be remedied, nothing could be clearer than the
mischief here recited, the want of a " uniform fee bill for the
several counties throughout the commonwealth," i. e. the exist-
ence of local and special fee bills in the different counties to
the destruction of uniformity.    Then follows the enactment,
which is equally clear, " therefore be it enacted, etc. that there
shall be uniformity throughout the commonwealth in the charges
of justices of the peace, aldermen, magistrates and constables, and
that their fees shall be as follows," etc.    Uniformity through-
out the commonwealth means in each and every county thereof,
and the legislative intention would have been no more clearly
manifested to that effect, had that form of expression been
used.    Both the preamble and the enactment indicate beyond
doubt that when in section three all acts and parts of acts incon-
sistent with these provisions were repealed, the repeal was meant
to include local and special as well as general acts.    To hold
otherwise would be to perpetuate the very mischief set forth in
the preamble, and to nullify the force of the enactment which
was meant to cure it.

Judgment reversed and judgment directed to be entered on
the case stated for the appellant for $23.95.