[No. 2938.  Decided May 23, 1898.]

## S. E. DE RACKIN, *Appellant*, v. COUNTY OF LINCOLN, *Respondent*.

CONTRACT FOR PUBLICATION OF DELINQUENT TAX LIST.

Under Laws 1893, p. 366, § 96, authorizing the county treasurer to enter into a contract for the publication of the delinquent tax list, a newspaper publisher who has published such delinquent tax list under contract with a county treasurer is entitled to have his claim therefor allowed by the county commissioners, provided the cost does not exceed the sum of thirty cents for each description.

Appeal from Superior Court, Lincoln County.—Hon. C. H. NEAL, Judge. Reversed.

*W. H. Plummer*, and *W. J. Thayer*, for appellant.
*Jackson Brock*, and *Mount & Merritt*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Appellant entered into a contract with the treasurer of the respondent county to publish the delinquent tax lists for the years 1892 and 1893. Thereafter he presented his claim to the board of commissioners for allowance, and subsequently brought this action. An issue of fact was joined but at the trial an objection in the nature of a demurrer *ore tenus* was sustained and the plaintiff, electing to stand by his complaint and refusing to amend, has appealed.

It is agreed by counsel that the only question involved is the right of the treasurer to make the contract. We regard the question as settled by the decision of this court in *State ex rel. Whatcom County v. Purdy*, 14 Wash. 343 (44 Pac. 857). In that case the commissioners of Whatcom county had entered into a contract with the publisher

of a certain newspaper to publish the delinquent list. The treasurer of the county had also entered into a contract with a different publisher for the same purpose, and the sole question for determination there was, which contract should be sustained. We think that § 96 of the revenue act of 1893, Session Laws, p. 366, authorizes the treasurer to enter into a contract for the publication of the tax list, the only limitation upon his authority being that the cost shall not exceed the sum of thirty cents for each description.

The judgment will be reversed and the cause remanded for further proceedings in accordance herewith. ·

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.