[No. 7294.  Decided July 16, 1908.]

E. M. Denton, *Appellant,* v. Walla Walla County *et al.,*

*Respondents.*[1]

Highways—Road Tax—Statutes—Repeal—General and Special Acts. A territorial city charter (Laws 1885-6, pp. 275-6), providing that the county shall not levy any road or road poll tax upon the property or inhabitants of the city, is impliedly repealed by the general revenue law of 1903, p. 223, which provides for a poll tax on certain persons, for the division of all territory outside of cities into road districts, and for the levy upon all taxable property in the county of a tax for a general road and bridge fund, expressly repealing all acts and parts of acts in conflict therewith; since a special law may be impliedly repealed by a general law where the intent so to do is clear.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered January 4, 1907, in favor of the defendants, upon overruling a demurrer to the answer, dismissing an action for an injunction.  Affirmed.

*M. O. Pickett,* for appellant.

*Otto B. Rupp* and *John H. McDonald,* for respondents.

Root, J.—This action was instituted by appellant, in behalf of himself and all taxpayers similarly situated in the city of Waitsburg, to enjoin the county of Walla Walla and certain of its officials from enforcing a road and bridge tax levied upon the property of appellant and others, within the city of Waitsburg.  To the complaint the respondents interposed an answer, setting up that said tax was levied under the general statutes providing for the assessment and levy of a road and bridge tax.  Appellant demurred to this answer, and upon the demurrer being overruled, elected to stand thereon; whereupon a judgment of dismissal was entered, from which he prosecutes this appeal.

[1] Reported in 96 Pac. 824.

The charter of the city of Waitsburg was granted during territorial days and contained, among others, the following provision: "And there shall not be levied or collected by the county of Walla Walla or the officers thereof any road tax or road poll tax upon the property or inhabitants within the said city." Laws of 1885-6, pp. 275-6. This provision has not been amended or repealed by direct legislation. It is the contention of respondents that said charter provision was repealed by the general revenue law of 1903, p. 223. Section 1 of said statute provided for a poll tax levied upon certain persons in the state. Section 7 provided that all the territory of the county, exclusive of incorporated cities and towns, should be divided into road districts. Section 8 provided for the levy upon all the taxable property in the county of a tax for a general road and bridge fund.

It is urged by appellant that a special statute is not repealed by a general statute unless there is a clear intention so to do manifested, and that such is not the case here. Respondents contend that the statute of 1903 manifests a clear intention on the part of the legislature to impose a road and bridge tax upon all the property of the county, and that this necessarily contravenes the provisions of the city charter above quoted. We think this position must be sustained. We think the statute, taken as a whole, manifests an intention and a general policy which is entirely inconsistent with the idea of said charter provision remaining in force. In the case of *Northern Pac. R. Co. v. Haas*, 2 Wash. 376, 26 Pac. 869, this court said:

"As a rule, it will not be held that a special act is repealed by implication by a general one upon the same subject. The intention of the legislature, however, in enacting the several laws, is what is to be arrived at; and, if it sufficiently appears that it was intended that a subsequent general law should supersede all prior legislation upon the same subject, general or special, though not expressly so stated, effect should be given to such purpose."

That was a case where a general law was held to repeal by implication a charter provision of a city. In the case of *State ex rel. Whatcom County v. Purdy*, 14 Wash. 343, 44 Pac. 857, this court said:

"But, even if the act of February 3, 1886 (Laws 1885-6, p. 108), were a special law, it does not necessarily follow that it could not be repealed by the provisions of the general act; for the rule is that, if by the terms of the general law it becomes evident that the intention of the legislature was to repeal the special law, it is the duty of the courts to hold the special law repealed."

See, also, *Cairo v. Bross*, 9 Ill. App. 406; *Barker v. Town of Floyd*, 61 App. Div. 92, 69 N. Y. Supp. 1109; *Fraim v. Lancaster County*, 171 Pa. St. 436, 33 Atl. 339; *Howard v. Hulbert*, 63 Kan. 793, 66 Pac. 1041, 88 Am. St. 267.

The title of the act of 1903 indicates that the act is to repeal all acts and parts of acts in conflict therewith, and the last section of the act reads: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed." We think it was manifestly the purpose and intention of the legislature in enacting this statute to provide a uniform method of levying road and bridge taxes, which should cover the property situated as was that of appellant herein, and that the charter provision in question was by implication repealed.

The judgment of the superior court is affirmed.

RUDKIN, FULLERTON, and CROW, JJ., concur.

HADLEY, C. J., and MOUNT, J., took no part.