[Department One. — January 23, 1884.]

## THE TIMES PUBLISHING CO., APPELLANT, *v.* THE COUNTY OF ALAMEDA, RESPONDENT.

CONTRACT — COUNTY PRINTING — DELINQUENT TAX LIST — SUPERVISORS. — The board of supervisors of Alameda County, after advertising for bids for publishing for one year " the proceedings of the board of supervisors, the quarterly reports of the auditor and treasurer, all notices required to be published by the board, and all notices that are required to be published by any county or township officer, that may be ordered published by the board," awarded a contract to the plaintiff for a stipulated price per square. In pursuance of the contract the plaintiff published the delinquent tax list for that year. The board did not order its publication and refused to make payment therefor. *Held*, first, that a publication of such list is a part of the county printing for which the board are authorized to contract ; second, that the terms of the contract embrace such list, though it is not specifically enumerated ; and third, that no order of the board was necessary to make the publication a charge against the county enforcible according to the terms of the contract.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*R. A. Redmon,* for Appellant.

*Samuel P. Hall,* for Respondent.

McKEE, J. — Upon declining to amend the complaint in this

case, after a demurrer thereto had been sustained by the court, a judgment of dismissal was entered against the plaintiff, from which it has taken this appeal.

The complaint contains a complete statement of a cause of action to recover for work done in publishing the delinquent tax list of the county of Alameda, for the fiscal year 1879–80, in performance of a contract for the county printing alleged to have been awarded to the plaintiff by the board of supervisors.

According to the averments of the complaint the contract was "to publish the proceedings of the board of supervisors of said county, the quarterly reports of the auditor and treasurer, all notices required to be published by the board, and all notices that are required to be published by any county or township officer that may be ordered published by the board."

It will be observed that publication of the delinquent tax list is not *eo nomine,* enumerated in the contract; therefore it was not provided for, unless it be included within the terms "all notices required to be published by the board," or "all notices that are required to be published by any county or township officer that may be ordered by the board." The question therefore arises, whether the board of supervisors of the county had authority to provide for the publication of the delinquent tax list of the county, and to contract for its printing and publication.

Sections 3764 and 3765 of the Political Code declare what shall constitute a delinquent tax list; section 3766 prescribes the mode of its publication, and section 3764 requires the tax collector, in each of the counties of the State other than San Francisco, to make publication of the delinquent tax list of his county, on or before the first Monday of February of each year. The duty of preparing the delinquent tax list for publication and of causing it to be published, therefore devolved upon the tax collector; but he could not provide for its publication, unless it had been let to the lowest bidder by sealed proposals, after ten days' public notice (§ 3766, Pol. Code); and he had no authority to let such a contract, because the publication was part of the county printing, for which boards of supervisors in their respective counties, were authorized to contract. (Subd. 21, of § 4046, Pol. Code.)

It is claimed, however, that as sections 3765 and 3766, Polit-

ical Code, required the tax collector to make the publication, he was the proper officer to contract for it according to law. But section 4047 of the same Code declares:—

" The supervisors must contract for, —

"1. All county printing.

"2. All books and stationery.

"3. All supplies for county institutions. And all contracts must be made with the lowest bidder, and after ten days' public notice that such contract will be let. The bidding must be by sealed proposals."

This section went into effect on the same day that section 3766, *supra*, took effect, namely, on April 1, 1878. Sections 3766, 4046, and 4047 are therefore *in pari materia*, and should be read together in order to arrive at the intention of the legislature upon the subject to which they relate. Reading them together, it seems to be manifest that the legislature intended to give the power of contracting for the county printing to the boards of supervisors of the respective counties, and not to a county or township officer. And as the publication of the delinquent tax list of a county is part of the county printing required to be published by the tax collector of the county, it follows that in this instance, it was provided for by the contract awarded to the plaintiff.

When a contract has been awarded according to law, work required by law to be done in performance of it, is in legal effect done by order of the board of supervisors who let the contract for it, and is a charge against the county enforcible according to the terms of the contract. (§ 3764, Pol. Code.)

Judgment reversed and cause remanded; and the court below is directed to overrule the demurrer and permit the defendant to answer.

Ross, J., and McKinstry. J., concurred.