[No. 19140.   Department Two. — February 11, 1893.]

THE JOURNAL PUBLISHING COMPANY, APPEL-
LANT, *v.* A. B. WHITNEY, TAX COLLECTOR OF LOS
ANGELES COUNTY, RESPONDENT.

COUNTY PRINTING — PUBLICATION OF DELINQUENT TAX LIST — COUNTY
GOVERNMENT ACT — POLITICAL CODE — REPEAL. — Subdivision 23 of
section 25 of the County Government Act, which provides that the
board of supervisors shall fix the price of all county advertising, and
that each county officer shall procure such advertising at a price not
greater than that so fixed, repealed so much of section 3766 of the Polit-
ical Code as required the board of supervisors to contract for the pub-
lication of the delinquent tax list by advertising for sealed proposals to
do the same, and awarding the advertising of the list to the lowest bid-
der; and under such subdivision the tax collector is authorized to select
any newspaper in the county and procure the advertising of the list,
provided it is done at the price fixed by the board of supervisors, and
he cannot be compelled to publish it in any other way.

ID. — ADVERTISEMENT FOR SEALED PROPOSALS — MANDAMUS — TAX COL-
LECTOR. — The fact that the tax collector advertised for sealed proposals
for the publication of the delinquent tax list does not entitle the lowest
bidder to a writ of mandate to compel him to advertise the list in the
newspaper of such bidder.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*Edwin A. Meserve*, for Appellant.

*Stephen M. White*, for Respondent.

The COURT. — This appeal is taken from a judgment
of dismissal of a petition for a writ of mandate after
sustaining a demurrer to said petition.

The object had in view by the petitioner was to com-
pel the defendant, who is the tax collector of the county
of Los Angeles, to advertise and publish the delinquent
tax list in the newspaper of the plaintiff, a publishing
company.

The demurrer is general in its nature, and is to the
effect that the complaint does not show facts sufficient
for a good cause of action.

The whole matter turns upon the question whether or not, under the law of this state, it is the duty of the tax collector to publish the delinquent tax list, about which this controversy has arisen, in such newspaper as has tendered the lowest bid to do such advertising.

Prior to the enactment of the County Government Act of 1891, section 3766 of the Political Code, as to such publication, ran thus:—

"Sec. 3766.  The publication must be made once a week for three successive weeks in some newspaper, or supplement thereto, published in the county, and the publication must be contracted for with the lowest bidder, and after ten days' public notice that such will be let.  The bidding must be by sealed proposals.  If there is no newspaper published in the county, then by posting a copy of the list in three public places in each township."

Section 3764 of the Political Code provides, among other things, that the tax collector must publish the list, and that such publication is a charge against the county. These two sections, among others, were construed by the supreme court in *Times Pub. Co.* v. *Alameda*, 64 Cal. 469, before the County Government Act of 1891 became a law, and it was there held to be the duty of the board of supervisors, and not that of the tax collector, to advertise for proposals to print the delinquent tax list, and to contract for the publication of such list; the duty devolved on the tax collector being held limited to preparing the list for publication, and causing it to be published as contracted for by the board of supervisors.

But the new statutory provision, subdivision 23 of section 25 of the County Government Act, just mentioned, defines the duties of the board of supervisors in such a matter thus: "The board of supervisors shall *annually fix the price* at which the county shall be supplied with job-printing and blank-books, and also the *price of all county advertising;* and each county *officer* shall *procure* such blank-books, job-printing, and adver-

tising at a price no greater than is so fixed, and certify the bills therefor to the board of supervisors."

This changes the rule as declared in section 3766 of the Political Code, and the board of supervisors, of their own motion, now are to fix the price of *county advertising*, such as here involved, without advertising for bids or sealed proposals. When that duty is performed by them, the tax collector must "*procure*" some newspaper to *do the advertising*, not by any *bid* which may have been made, but at the price previously *fixed* by the board of supervisors, in their discretion.

Such being the force and effect of the statute, the tax collector, against whom this petition is filed, is not shown to be violating any law in not procuring the advertising in question to be published in the paper of the plaintiff. Its bid and his advertisement for sealed proposals amounted to nothing. The tax collector could, notwithstanding this unnecessary proceeding, select any paper he saw fit in the county, and procure the advertising to be done, provided it was done at the price fixed by the board of supervisors, and he cannot be compelled to publish the delinquent tax in any other way.

The argument of the appellant that the County Government Act does not operate to repeal any part of section 3766 of the Political Code is without force, in view of the decision of the appellate court in *Mendocino Co.* v. *Bank of Mendocino*, 86 Cal. 255, and *Ex parte Benjamin*, 65 Cal. 310.

The judgment is affirmed.

Hearing in Bank denied.