## MAXWELL v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY.

### No. 19,109; February 11, 1893.

#### 32 Pac. 443.

**Mandamus to County Board—Advertising Contract.**—Under Statutes of 1891, chapter 216, section 25, subdivision 23, providing that the board of supervisors shall fix the price of all county advertising, mandamus will not lie to compel such board to contract for such advertising by giving public notice calling for proposals. Such statute repeals Political Code, section 3766, providing that county advertising must be contracted for with the lowest bidder.[1]

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Mandamus at the relation of H. M. Maxwell to compel the board of supervisors of Los Angeles county to give public notice calling for proposals for county advertising. From a judgment dismissing the petition, entered upon an order sustaining a demurrer to it, relator appeals. Affirmed.

E. A. Meserve for appellant; James McLachlan, district attorney, and B. M. Marble and Waldo M. York for respondents.

PER CURIAM.—This appeal is taken from a judgment of dismissal of a petition for a writ of mandate, after de-

---

[1] Cited in Frandzen v. County of San Diego, 101 Cal. 321, 35 Pac. 898, as a case involving the law regulating the advertising for bids for county advertising, as distinguished from the law, under discussion there, regarding the printing of the "great register" of voters.

murrer sustained to such petition on the ground that it did not contain facts showing a cause of action. It depends for its determination upon the construction to be given to subdivision 23 of section 25 of the county government act of 1891, as affecting the provisions of section 3766 of the Political Code as it stood before the passage of the act. It has been held in the case of Journal Publishing Co. v. Whitney, 97 Cal. 283, 32 Pac. 237 (this day decided), that the county government act repeals so much of section 3766, Political Code, as requires the board of supervisors to contract for the publication of the delinquent tax list by advertising for sealed proposals to do the same, and awarding the advertising of the list to the lowest bidder. It is plain that the legislature intended to make it the duty of the board of supervisors themselves, in the exercise of a proper discretion, to fix the price of such advertising, without any necessity for giving public notice calling for proposals from those wishing to do such work; but the contract for advertising is to be made by the proper officer, and for a price not exceeding that fixed by the board of supervisors.

Judgment affirmed.