[S. F. No. 249.    Department One.—June 5, 1896.]
M. J. SMELTZER, APPELLANT, v. GEORGE S. MIL-
LER, AUDITOR OF MONTEREY COUNTY, RESPONDENT.

113  163
119  455

113  163
s125  42

DELINQUENT TAX LIST—AUTHORITY FOR PUBLICATION—TAX COLLECTOR—
    SUPERVISORS.—The tax collector has no authority to contract for the
    publication of the delinquent tax list; but the only authority for such
    publication is vested, by section 3766 of the Political Code, as amended
    in 1895, in the supervisors, who must contract with the lowest bidder
    after ten days' public notice; nor does the neglect of the supervisors to
    perform their duty vest authority in the tax collector to contract for its
    publication.
ID.—ILLEGAL CLAIM AGAINST COUNTY—INJUNCTION SUIT BY TAXPAYER.—
    A taxpayer may maintain a suit to enjoin the county auditor perpet-
    ually from drawing his warrant upon the county treasurer in favor of a
    publisher of the delinquent tax list who had no contract with the board
    of supervisors for such publication.

APPEAL from a judgment of the Superior Court of
Monterey County and from an order dissolving an in-
junction.   N. A. DORN, Judge.

The facts are stated in the opinion.

John K. Alexander, and George A. Daugherty, for Ap-
pellant.

Sections 3765 and 3766 of the Political Code are in
pari materia and should be read together, and so read, it
is manifest that the legislature intended to give the power
to contract for the publication of the delinquent list to
the board of supervisors and not to a county or town-
ship officer.   (Journal Pub. Co. v. Whitney, 97 Cal. 283;
Times Pub. Co. v. Alameda County, 64 Cal. 469; Frandzen
v. San Diego County, 101 Cal. 321; Endlich on Interpre-
tation of Statutes, 288; Stats. 1895, Palm's ed., p. 322,
323; Maxwell v. Supervisors, 53 Cal. 389; Murphy v. Napa
County, 20 Cal. 503.)

P. E. Zabala, for Respondent.

The board of supervisors having failed to call for
bids, contract, or in any manner provide for publica-
tion of the delinquent list, the law making it the duty

of the tax collector to publish the delinquent list, he performed his duty in providing for the publication. (Pol. Code, sec. 3764.)

VANCLIEF, C.—The plaintiff, as a citizen and taxpayer of said county of Monterey, brought this action to enjoin the defendant auditor, perpetually, from drawing his warrant upon the county treasurer in favor of one W. J. Hill for the payment of his claim against the county for having published the delinquent tax list for the year 1894–95, which claim, for the sum of four hundred and sixty-six dollars and sixty-five cents, had been formally allowed by the board of supervisors of that county.

The court sustained a general demurrer to the complaint, dissolved the temporary injunction, and rendered judgment in favor of defendant. Plaintiff appeals from the order dissolving the injunction, and from the judgment.

Whether or not the court erred in sustaining the demurrer is the only question involved or presented; and this is reduced to the question whether the complaint shows that the demand of Hill for having published the delinquent list was not a lawful charge against the county.

The claim of Hill was for having published the delinquent list four weeks immediately preceding June 20, 1895, as to which the complaint contains the following:

" Plaintiff avers that said publication of said delinquent tax list or roll, if made, was and is entirely unauthorized by any law, or order, or ordinance, and without any right or authority whatever. That no advertisement for, or notice of, the letting of any contract therefor was made or given by the board of supervisors of said county, or at all; that no contract therefor was made by said board of supervisors with said Hill or anyone else, or at all; that said Hill was not, nor was anyone else, the lowest or any bidder for the publication of said delinquent tax list. That no proposals therefor

were asked for or received by said board of supervisors, or anyone else; that no contract therefor was awarded to the lowest or any bidder by said board of supervisors, or by anyone, or at all.

"That the publication of said list by said W. J. Hill, if made, was voluntary and without any right, authority or validity whatever; that said claim of said W. J. Hill, based and founded thereon as it is, is illegal and constitutes no legal or valid claim or demand against the county of Monterey, and, if paid, will wrongfully and unlawfully increase the burden of taxation on this plaintiff, and on and of all other taxpayers of said county."

It is further alleged in substance that the defendant has declared and threatened that he will draw his warrant on the treasurer in favor of Hill for said sum of four hundred and sixty-six dollars and sixty-five cents, and will do so unless enjoined by order of the court. No further statement of the contents of the complaint is necessary, since it is not claimed to be otherwise defective than in that it does not show that Hill's demand was not a lawful and valid charge against the county.

I think the court erred in sustaining the demurrer. The tax collector had no authority to contract for the publication of the delinquent list.

Section 3766 of the Political Code, as amended March 28, 1895 (Stats. 1895, p. 326), provides: "The publication [of delinquent list] must be made once a week for three successive weeks in some newspaper, or supplement thereto, published in the county, and the board of supervisors must contract for such publication with the lowest bidder, and after ten days' public notice that such will be let. The bidding must be by sealed proposals. If there is no newspaper published in the county, then by posting a copy of the list in three public places in each township."

Section 4046 of the same code provides that " boards of supervisors in their respective counties have jurisdiction and power; . . . . 21. To contract for the county printing."

Section 4047 of the same code contains the following provisions: "The supervisors must contract for: 1. All county printing; . . . . and all contracts must be made with the lowest bidder, and after ten days' public notice that such contract will be let. The bidding must be by sealed proposals."

The complaint shows not only that there was no advertisement for bids, and no bids made for the publication of the delinquent list, but that the board of supervisors made no contract with Hill nor with any other person for the publication of said list, and that Hill had no contract with any person for the publication thereof.

The only answer to this by counsel for respondent is that, inasmuch as the board of supervisors failed to perform its duty to advertise for bids and to make the contract as required by law, the duty to contract for the publication of the delinquent list devolved upon the tax collector, since section 3764 of the Political Code required him to publish such list on or before the fifth day of June of each year.

This argument is fully answered in the case of *Times Pub. Co. v. Alameda County*, 64 Cal. 469, wherein all the above-cited sections of the Political Code (as they then stood) were considered and construed. The only amendment of either of those sections affecting this case is that of section 3766, made March 28, 1895 (Stats. 1895, p. 326), which makes that section more favorable to the appellant than it was in 1884, when the case of the Times Publishing Company was decided. As it then stood it did not *expressly* say "the board of supervisors must contract for such publication," as it does since said amendment. In the case cited this court said: "The duty of preparing the delinquent tax list for publication, and of causing it to be published, therefore devolved upon the tax collector; but he could not provide for its publication, unless it had been let to the lowest bidder by sealed proposals, after ten days' public notice (Pol. Code, sec. 3766); and he had no authority to let such a contract, because the publication was part of the county

printing for which boards of supervisors in their respective counties were authorized to contract." Speaking of the sections of the Political Code above cited, the court further said: "Reading them together, it seems to be manifest that the legislature intended to give the power of contracting for the county printing to the boards of supervisors of the respective counties, and not to a county or township officer."

It is to be observed, however, that the decision in the case cited was based solely upon those sections of the Political Code above cited, as the action was commenced before the enactment of the County Government Act; and that the question again arose after the passage of that act in the case of *Journal Pub. Co.* v. *Whitney*, 97 Cal. 283, wherein the sole question was, "whether or not, under the laws of this state, it is the duty of the tax collector to publish the delinquent tax list . . . . in such newspaper as has tendered the lowest bid to do such advertising." In this later case, after referring to the case of *Times Pub. Co.* v. *Alameda County, supra*, this court called attention to that part of section 25, subdivision 23, of the County Government Act, which reads as follows:

"The board of supervisors shall annually fix the price at which the county shall be supplied with job printing and blank-books, and also the price of all county advertising; and each county officer shall procure such blank-books, job printing, and advertising at a price no greater than is so fixed, and certify the bills therefor to the board of supervisors"; and said: "This changes the rule as declared in section 3766 of the Political Code, and the board of supervisors, of their own motion, now are to fix the price of county advertising, . . . . without advertising for bids or sealed proposals. When that duty is performed by them, the tax collector 'must procure' some newspaper to do the advertising, not by any bid which may have been made, but at the price previously fixed by the board of supervisors, in their discretion." Thus it was held that the above-quoted provision of the

County Government Act repealed, by implication, so much of section 3766 of the Political Code as was inconsistent therewith, citing *Mendocino County* v. *Bank*, 86 Cal. 255, and *Ex parte Benjamin*, 65 Cal. 310. If section 3766 of the Political Code was thus wholly or partially repealed, surely the amendment and re-enactment of that section, in the form above set out, of March 28, 1895, likewise repealed so much of the County Government Act as was inconsistent therewith; besides, the amendment makes it more specific to the intent that "the board of supervisors *must* contract for such publication" of the delinquent list. As to all other county printing the County Government Act probably governs, since section 3766 of the Political Code applies only to the delinquent tax list.

I think the judgment and order appealed from should be reversed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.