(May 17, 1897.)

## JOLLY v. LATAH COUNTY.

[48 Pac. 1063.]

PRINTING DELINQUENT TAX LIST—COUNTY PRINTING.—The assessor and collector of a county has no authority to fix by contract the compensation of the publisher for printing the delinquent tax list.

DUTY OF COUNTY COMMISSIONERS AS TO PRINTING DELINQUENT TAX LIST.—Under subdivision 18 of section 1759 of the Revised Statutes of Idaho, it is the duty of the board of county commissioners to contract for the printing of the delinquent tax list, and the authority to fix the compensation for publishing such delinquent tax list, by contract or otherwise, is vested solely in the board of commissioners.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Appellants.

Had the assessor of Latah county the right to let the contract to publish the delinquent tax list under the law of 1890-91 on page 237? We maintain that it was the sole duty of the assessor to let the contract of printing the county delinquent tax list. (Idaho Sess. Laws 1890-91, p. 237; *Randal v. Yuba Co.,* 20 Cal. 593; *Eastman v. Linn,* 26 Minn. (1876) 215, 2 N. W. 693; *Hall v. Ramsy* (1882), 30 Minn. 68, 14 N. W. 263; *Russell v. Gilson, etc.* (1887), 36 Minn. 366, 31

N. W. 692; *State ex rel. Huse v. Supervisors Dixon Co.,*
24 Neb. 106, 37 N. W. 936; *Matter of Anderson* (1875), 60
N. Y. 457; *Matter of Astor,* 50 N. Y. 366; *Matter of New*
*York,* 52 N. Y. 526; *Matter of Douglas,* 46 N. Y. 42; *Francis*
*v. City of Troy* (1878), 74 N. Y. 338; *State v. Purdy* (1896),
14 Wash. 343, 44 Pac. 857; *Jolly v. Woodworth,* 4 Idaho, 496,
42 Pac. 512.)

Clay McNamee, District Attorney, and McNamee & Mor-
gan, for Respondent.

Appellants contend that the court erred in finding that the
contract set out in plaintiffs' complaint was not binding on
defendant except upon being audited by the board of county
commissioners. Respondent's contention is to the contrary.
We cite in support thereof: *Jolly v. Woodworth,* 4 Idaho,
496, 42 Pac. 512; *Journal Pub. Co. v. Whitney,* 97 Cal. 283,
32 Pac. 237; *Randall v. Yuba County,* 14 Cal. 220; *State ex*
*rel. Huse v. Supervisors of Dixon County,* 24 Neb. 106, 37 N.
W. 936-939; *Times Pub. Co. v. County of Alameda,* 64 Cal.
469, 2 Pac. 246.

QUARLES, J.—The plaintiffs (appellants here) brought
their action in the court below against the defendant, Latah
county, to recover the alleged contract price of $1,661 for pub-
lishing by the appellants in the "Moscow Mirror," a weekly
newspaper published by said plaintiffs at the county seat of
the defendant county, the delinquent tax list of said county
for the year of 1894, under a contract made and entered into
by and between the plaintiff and the assessor and collector of
the defendant county on December 17, 1894. Several ques-
tions are raised by the briefs of the respective parties, but the
vital question, and the principal one that it is necessary to
consider, is, Did the assessor and collector of the defendant
county have authority to make such contract, and thereby bind
the defendant county? Section 1530 of the Revised Statutes,
requires the tax collector to have the delinquent list published.
Section 1532, as amended by act of March 16, 1891, reads as
follows: "The publication must be made in a newspaper or a
supplement thereto, once a week for three consecutive weeks,
published in the county, if it can be done for not more than

cne dollar for each delinquent owner of property." Appellants contend that the authority and duty to "publish" the delinquent list carries with it the authority to fix by contract the compensation to be paid for publishing such delinquent list.    But the board of county commissioners are made by law the fiscal agents of the county, and among the duties enjoined upon the board of commissioners are those of settling and allowing "all accounts" chargeable against the county, and to contract for the county printing.    Subsections 10 and 18 of section 1759 of the Revised Statutes are as follows: "10. To examine, settle and allow all accounts legally chargeable against the county, and order warrants to be drawn on the county treasurer therefor, and provide for the issuing of the same." "18. To contract for the county printing, and provide books and stationery for county officers."    Sections 1530, 1532 and 1759 must be considered *in pari materia,* and construed together; and when this is done the conclusion inevitably follows that the authority to "contract" for the printing of the delinquent tax list is vested in the board of county commissioners, and not in the tax collector.    The duty of "publishing" the delinquent tax list enjoined upon the tax collector by section 1530, *supra,* consists in preparing the list for publication, and delivering it to the printer or person who has the contract for doing the county printing, or the person who usually does such printing; the compensation for printing the delinquent list being a matter between the printer and the board of commissioners, with which the tax collector has nothing to do, he having no power to make a contract for such printing.    The same conclusion, under similar statutory provisions, was reached by the supreme court of California in the case of *Times Pub. Co. v. Alameda Co.,* 64 Cal. 469, 2 Pac. 246.    Appellants rely upon the authority of *State v. Purdy,* 14 Wash. 343, 44 Pac. 857, for a reversal of the judgment appealed from in this case.    We have carefully examined the decision in the last-named case, and are of the opinion that it does not apply to the case at bar; the conditions existing in the statutory law of Washington being entirely different from those here.    It would be absurd to say that section 1759 of the Revised Statutes is amended by a preceding section of the same Revised Statutes;

the Revised Statutes having been adopted as a whole, or, in other words, the adoption of all the sections of the Revised Statutes being either one act or simultaneous acts. Yet, in order to support the contention of appellants, we would be compelled to hold that the authority to contract for printing the delinquent list vested by subsection 18 of section 1759 of the Revised Statutes, in the board of county commissioners, is repealed by section 1530 of the same statutes, and this we cannot do. We feel constrained to follow the rule laid down in *Times Pub. Co. v. Alameda Co.*, 64 Cal. 469, 2 Pac. 246; the conditions existing in this state in December, 1894, when the contract in question was made, being the same as those in California when the case of *Times Pub. Co. v. Alameda Co.*, arose.

Appellants complain that the lower court did not give them judgment for the amount allowed by the board of county commissioners for printing said delinquent tax list. It appears that appellants presented their claim for printing said delinquent list to the board of commissioners, based on the contract made with the tax collector; that the board equitably allowed appellants a reasonable compensation for such work; that the appellants refused to accept the amount allowed by the board, refused to appeal from the order of the board, and elected to sue the county, basing their action solely upon the said contract; and upon the said contract the action must stand or fall. The judgment of the lower court was proper. We do not see how the lower court could have affirmed the order of the board of commissioners, there being no appeal therefrom. Nor could the plaintiffs, under the allegations of their complaint, recover upon a *quantum meruit*. If the plaintiffs had pleaded a *quantum meruit* in a second count of their complaint, the case would probably be different. The trouble in this case arises from the unwarranted usurpation of authority by the tax collector. He should have prepared the delinquent list, and delivered it to the person or party selected by the board of commissioners to print it; and until the statutes cited are changed by enactment, such course is the only one that tax collectors can legally pursue in this state. Judgment affirmed, with cost to respondent.

Sullivan, C. J., and Huston, J., concur.