[Sac. No. 264.    Department One.—December 29, 1897.]

CHARLES HARRIS, Surviving Partner of Harris Brothers, Respondent, v. W. H. COOK, Auditor of Merced County, Appellant.

DELINQUENT TAX LIST—AUTHORITY FOR PUBLICATION—ALLOWANCE OF ILLEGAL CLAIM BY SUPERVISORS—MANDAMUS TO AUDITOR.—The tax collector has no authority to contract for the publication of the delinquent tax list, and where the board of supervisors of the county did not contract for the publication thereof with the lowest bidder after ten days' public notice, in pursuance of section 3766 of the Political Code, such board had no authority to allow and approve a claim for the publication thereof by order of the tax collector, and *mandamus* will not lie to the auditor to compel the drawing of a warrant for such illegal claim.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. J. K. Law, Judge.

The facts are stated in the opinion of the Court.

F. H. Farrer, J. F. Peck, and V. C. Frost, for Appellant.

J. W. Knox, for Respondent.

GAROUTTE, J.—This appeal is prosecuted from a judgment directing that a peremptory writ of mandate issue to the auditor of Merced county, requiring him to draw a warrant for the sum of ninety-one dollars and fifty cents. At the request of the tax collector of the county of Merced, plaintiffs printed the delinquent tax list for the fiscal year 1894-95. They presented a claim for the work done to the board of supervisors of the county, and it was allowed and approved. This approved claim forms the basis of the application for the writ.

Among the findings of fact made by the trial court there is the following: "That the board of supervisors of Merced county did not contract for the publication of the delinquent list of taxes for said county for the year 1895 with the lowest bidder, or at all, or after ten days' notice, or at all, that such contract would be let, and did not receive any sealed proposals from any newspaper for publishing said delinquent list, or at any time after or before the twenty-eighth day of March, 1895, or after or before section 3766 of the Political Code was amended, on March 28, 1895." This finding of fact forms an absolute bar to plaintiffs' recovery. In the case of *Smeltzer v. Miller*, 113 Cal. 163, the question here presented was before the court, and the theory upon which plaintiff attempts to recover in this action is there declared entirely unsound.

Upon the authority of *Smeltzer v. Miller, supra*, the judgment and order are reversed, and the cause remanded.

Harrison, J., and Van Fleet, J., concurred.