---

[S. F. No. 964.    Department Two.—June 9, 1899.]
M. J. SMELTZER, Appellant, v. GEORGE S. MILLER, Auditor of Monterey County, Respondent.

PRINTING OF DELINQUENT TAX LIST—ADVERTISEMENT FOR BIDS—POWER OF SUPERVISORS—RATIFICATION.—The board of supervisors has no power to make a contract for the printing of the delinquent tax

list without a previous advertisement for bids, as required by statute; and not having the power to make such a contract in the first instance, they cannot call it into existence by subsequent ratification.

ID.—ALLOWANCE OF ILLEGAL CLAIM—INJUNCTION SUIT BY TAXPAYER—LAW OF THE CASE.—A taxpayer may maintain a suit to enjoin the county auditor from drawing his warrant upon the county treasurer in favor of a publisher of the delinquent tax list, who had no valid contract with the board of supervisors for such publication, though the claim therefor has been allowed by the board of supervisors. *Smeltzer v. Miller,* 113 Cal. 163, affirmed, and held to be the law of the case.

APPEAL from a judgment of the Superior Court of Monterey County. N. A. Dorn, Judge.

The main facts are stated in the opinion rendered upon the former appeal, reported in 113 Cal. 163. Further facts are stated in the opinion rendered upon this appeal.

J. E. Alexander, for Appellant.

S. F. Geil, and P. E. Zabala, for Respondent.

GRAY, C.—All the questions involved in this appeal were stated by this court, thoroughly discussed and settled on the former appeal herein. (*Smeltzer v. Miller,* 113 Cal. 163.) Prior to that appeal the trial court had sustained a demurrer to the complaint, and this court, after reciting parts of the complaint, held that it stated a cause of action and that the demurrer should have been overruled. It appears that on the return of the case to the trial court an answer was filed and a trial had, and the fifth and sixth findings of the court are as follows:

"V. That on, to wit, the seventh day of June, 1894, the board of supervisors of said county of Monterey made and entered in the minutes of said board the following orders, to wit:

" 'This being the time fixed to hear the report of the committee heretofore appointed to propose the rate of county printing and furnishing blanks for one year, from June 10, 1894, to June 10, 1895, and said report is presented to the board, and by the board accepted, and so fixed; and the following prices as proposed by the committee are adopted, to wit:

" 'For printing the proceedings of board of supervisors, per

square of two hundred and forty ems, nonpariel, twenty-five cents.

" 'For ordinances, orders, notices, reports, et cetera, sixty cents per square for first insertion, and twenty-five cents per square for each subsequent insertion.

" 'For delinquent tax list, sixty cents per square for first insertion, and twenty-five cents per square for all subsequent insertions.

" 'On motion of J. T. Porter, seconded by T. J. Field, it is ordered that the minutes of the board of supervisors, and all orders, ordinances, notices, made by the board, and all printing ordered by the board of supervisors of Monterey county, be and are hereby awarded to the "Salinas Weekly Index" (a weekly newspaper printed and published in Salinas City) for one year, commencing June 10, 1894, and ending June 10, 1895.' "

"VI. That during the entire year of 1895 said board of supervisors of said Monterey county failed, neglected, and refused to advertise for bids for publication of the delinquent tax list of said county of Monterey for the year 1894-95, and said board of supervisors of said Monterey county failed, neglected, and refused to contract or award any contract for said publication with the lowest or any bidder after ten days, or any public or any notice that such contract would be let; that no sealed proposals or bids were ever received by said board of supervisors for the publication of said delinquent tax list, and the making of the orders of said board of supervisors mentioned in finding V were the only provisions made by said board of supervisors for the publication of said or any delinquent tax list."

These findings show that the printing of the tax list was not even awarded to the newspaper mentioned, and, further, that there was no advertising for bids, no contract made with the boad of supervisors for printing the tax list, that section 3766 of the Political Code, as amended in 1895, was not complied with, and that the complaint as set out and held sufficient in the former opinion of this court was absolutely true. This court has had occasion to approve its first decision herein in the case of *Harris v. Cook*, 119 Cal. 454.

The case at bar is clearly distinguishable from *Power v. May*, 114 Cal. 207, and the other cases cited by respondent, holding

that the board of supervisors may cure previous informalities by subsequent ratification and recognition of liability. In *Power v. May, supra,* the board had the power to make the contract, which it subsequently ratified (see *Power v. May,* 123 Cal. 147), but in the case at bar the board never had the power to make the contract for the printing, for the reason that they had not advertised for bids as required by the statute, and therefore they could not call into existence by subsequent ratification a contract that they had no power to make in the first instance.

The former decision of this court herein is not only correct, but it is the law of the case.

I advise that the judgment be reversed and the court below directed to enter judgment on the findings for the plaintiff in accordance with the prayer of his complaint.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to enter judgment on the findings for the plaintiff in accordance with the prayer of his complaint.          McFarland, J., Temple, J., Henshaw, J.