[Sac. No. 1258.   Department One.—Nov. 8, 1906.]

F. A. DODGE, and J. E. RICHMOND, Copartners, etc., Appellants, v. KINGS COUNTY, Respondent.

COUNTY ADVERTISING—DELINQUENT TAX-LIST—PRICE FIXED BY SUPER-VISORS—DISCRIMINATION—MOTIVES.—Under subdivision 21 of section 25 of the County Government Act of 1897 the tax-collector has authority to procure the advertising of the delinquent tax-list at a price no greater than that annually fixed by the supervisors; and the validity of the action of the supervisors in fixing a less price per square for printing the delinquent list than for other county advertising, cannot depend upon the motives of its members to discriminate against plaintiffs' newspaper.

ID. — REASONABLENESS OF DISCRIMINATION — SUPPORT OF FINDING.— Where the court found upon sufficient evidence that there was good reason for excepting the publishing of the delinquent list from the general rates fixed for the other county advertising, and that the distinction made was not arbitrary or unnatural, its finding cannot be disturbed, and the judgment and order based thereupon will be affirmed.

APPEAL from a judgment of the Superior Court of Kings County.   M. L. Short, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellants.

H. Scott Jacobs, District Attorney, for Respondent.

SLOSS, J.—Appeal by plaintiffs from a judgment and an order denying a motion for new trial.

The action was brought by the appellants, printers and publishers of the Hanford Sentinel, a newspaper, to recover from Kings County the sum of $383.75 for printing and publishing the delinquent tax-list of the defendant in June, 1901.

The publication was made by direction of the tax-collector. Under the provisions of subdivision 21 of section 25 of the County Government Act (Stats. 1897, p. 464) the tax-collector had authority to procure such advertising, at a price no greater than that fixed by the board of supervisors, who are required to annually fix the price of all county advertising. (*Journal Pub. Co.* v. *Whitney*, 97 Cal. 285, [32 Pac. 237].)   In January, 1901, the board of supervisors had made an order reading as follows:—

"It is ordered that the following rates be, and they are hereby established for county advertising during the present year, to wit:

"For first insertion, per square, fifty cents. For each sub-sequent insertion, per square, twenty-five cents. Said rate to apply to all county advertising except the publication of the delinquent tax-list, the rate for which is hereby fixed as follows:

"For four insertions, fifteen cents per square."

The court gave the plaintiffs judgment for $46.05, which was the amount due at the rate of fifteen cents per square for four insertions, as fixed by the order of the board of super-visors. The claim of the plaintiffs, however, is that the order of the board, in so far as it purported to fix a less rate for publishing the delinquent tax-list than for other county ad-vertising, was void. The complaint alleges that the rates fixed for general county advertising are reasonable and just; that the work of printing the delinquent tax-list is of the same general character, and that the rate fixed for publishing such delinquent list was so low as to entail a loss on any one publishing it at such rate. The distinction made between the two classes of printing is alleged to be arbitrary and without good reason, and it is charged that the board of supervisors adopted the two different rates for the purpose of discrim-inating against the plaintiffs. So far as concerns the allega-tion of an intent to discriminate against the plaintiffs, the finding of the court was against plaintiffs, but even if it had not been, it cannot be contended that the validity of the action of the board of supervisors should be made to depend upon the motives which actuated the members of the board. On the issues raised as to the reasonableness of the distinction be-tween the two classes of printing, the court found that "there was good reason for excepting the publishing of the delinquent tax-list from the general rates fixed for the other county advertising of a like general character; that the distinction so made by said exception was not arbitrary nor unnatural." The appellants contend that these findings are not supported by the evidence. While the bill of exceptions discloses con-siderable testimony tending to support the view that the cost of doing the work and the reasonable value of the service were the same in each case, there was evidence which we think

supports the findings of the court.   One of the plaintiffs' witnesses testified that the printing of the tax-list is "much easier for the compositor than the general run of advertising, because it is descriptive matter and to a certain extent it is table matter and more or less figures."   The tax-collector himself testified that he had had a verbal offer to publish the tax-list at the rate fixed by the supervisors.   And the testimony of a member of the board was that the supervisors fixed the rate by "learning what it was printed for in other counties and what they offered to print it for here."   The court accepted the statements of these witnesses, and, so accepting them, was justified in finding as it did on the facts in issue.

It follows that the judgment and order must be affirmed. We may add that we are not to be understood as holding that a different result could be reached if the evidence had shown conclusively that the rate fixed for publishing the delinquent tax-list *was* arbitrary and unreasonable.   The only authority which the law gave to the tax-collector was to procure the advertising at a price no greater than that fixed by the board. It may well be argued that one who does work after a rate has been fixed accepts that rate and is bound by it, or, in any event, that if the order fixing the rate be void, no recovery can be had, since the fixing of a rate is the condition upon which, by the terms of the law, the liability of the county depends.   To strike out of the order the rate fixed for publishing the delinquent tax-list could hardly have the effect of making the general rate of fifty cents per square for the first insertion and twenty-five cents for subsequent insertions apply to the delinquent tax-list.   By such ruling the court would be making for the board a rate which it never intended to fix.   In this respect, as well as in others, the case is very different from *Van Harlingen* v. *Doyle,* 134 Cal. 53, [66 Pac. 44], which dealt with a void and severable provision of an act of the legislature of the state.

In making these last suggestions, we desire to avoid any inference that might be drawn from a failure to notice the contention as to the effect of an arbitrary and unreasonable fixing of rates, rather than to decide a question which, in the view we take of the evidence, is not here involved.

The judgment and order appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.